**Gail Elin REISS a/k/a Gail E. Reiss, Debtor,**

v.

**Guilford HAGMANN, Trustee, Plaintiff.**

**BANK OF WOODWARD, Creditor–Appellant,**

v.

**Mildred V. FOX, Trustee of the Gail E. Reiss Trust, Defendant–Appellee.**

No. 88–1992.

United States Court of Appeals, Tenth Circuit.

July 28, 1989.

John O. Sparks, Woodward, Okl., for creditor-appellant.

Joseph B. Miner of Conner & Little, Oklahoma City, Okl., for defendant-appellee.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

The issue in this appeal is whether the bankruptcy court abused its discretion in

approving a compromise settlement.[1]

Gail Elin Reiss filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. In it she listed only nominal assets and one creditor, the Bank of Woodward (the Bank), to which she said she owed $91,-259.73 plus interest on a promissory note. About a year and a half before filing for bankruptcy, Reiss transferred to herself as trustee of an irrevocable trust (Reiss Trust) land she owned in Kansas, apparently worth approximately the amount Reiss owed the Bank on the promissory note. The trust was to last approximately ten years, terminating September 15, 1992. Under its terms all income was to be paid to settlor Reiss, with no specific statement as to disposition of the principal at the trust's termination, except it was to pass to Reiss' then-living descendants by right of representation if Reiss should die before the date of termination. Under the resulting trust doctrine settlor Reiss no doubt would be considered the vested remainderman, subject to divestment, and entitled to all of the trust property at its termination. *See Cacy v. Cacy,* 619 P.2d 200, 202 (Okla. 1980); G. Bogert, *Trusts,* § 75 (1987); A. Scott, *The Law of Trusts* §§ 404, 405, 411, 430 (1967). Reiss subsequently resigned as trustee, and was succeeded as trustee by her relative, Mildred Fox.

The Bank sought to compel the bankruptcy trustee to bring the property in the Reiss Trust into the bankruptcy estate for its benefit as sole creditor. The Bank argued that the transfer could be avoided under the Uniform Fraudulent Conveyances Act of Oklahoma, Okla.Stat. tit. 24, §§ 112–223. The Reiss Trust urged that the Oklahoma act did not apply to a trust containing only Kansas real property. It also questioned whether the Bank's attorney, whom the Bank volunteered to pay to pursue the litigation, was a disinterested person under 11 U.S.C. § 327 because he previously had represented Reiss' former husband in his own Chapter 7 bankruptcy. Reiss, after first having listed the Bank's claim as undisputed, also changed her position and asserted that the promissory note underpinning the Bank's claim was incurred in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f.

After considering the various contentions among the interested parties, the bankruptcy trustee sought court approval for a compromise settlement of its claim to reach the Reiss Trust property for a total of $10,000 to be paid to the bankruptcy estate. The Bank objected and offered to pay the full costs of the litigation to recover the Reiss Trust property. The bankruptcy court, however, approved the settlement and that approval was affirmed by the district court.

The principal reasons given by the bankruptcy trustee for requesting approval of the compromise were the expense, complexity, and possible length of the litigation that would be required to resolve these conflicting contentions. The bankruptcy trustee rejected the Bank's offer to finance the litigation against the Reiss Trust because Reiss' claim that the bank was not a bona fide creditor for violation of the Equal Credit Opportunity Act also would have to be litigated. The bankruptcy and district courts considered the standards set forth in *American Employers Insurance Co. v. King Resources Co.,* 556 F.2d 471, 475 (10th Cir.1977), as controlling, especially the likelihood of success and the expected delay caused by the litigation. Both courts apparently believed that the success of the claim against the Reiss Trust was not guaranteed and that the defenses raised by Reiss and the Reiss Trust posed serious and complex questions. We have no quarrel with using *American Employers'* criteria in the usual case, but we disagree with the courts' resolution in the context of the instant controversy.

A bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

clear abuse of discretion. *See Security Nat'l Bank v. Turner (In re Ocobock)*, 608 F.2d 1358, 1360 (10th Cir.1979). The bankruptcy court's decision to approve the settlement, however, must be an informed one based upon an objective evaluation of developed facts. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 434, 88 S.Ct. 1157, 1163, 1168, 20 L.Ed.2d 1 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 299 (5th Cir.), *cert. denied*, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984). We agree with the Fifth Circuit that "[a]n approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion." *Id.* at 299. There is no indication in the record that the trustee or the courts did any legal research or made any attempt to properly separate the issues and evaluate the facts.

Chapter 7 bankruptcy is a liquidation proceeding intended to distribute debtor's nonexempt assets equitably among her creditors, who nearly always will not be fully paid. The debtor also receives a fresh start by obtaining a discharge from past debts.[2] In his asset-gathering role, the bankruptcy trustee acts on behalf of the creditors, seeking to find and bring into the estate all of debtor's nonexempt property as well as the assets debtor previously conveyed which the law considers to be preferences or in fraud of creditors.

■ In the instant case, the bankruptcy trustee should have viewed the claim against the Reiss Trust as separate and distinct from the dispute between the debtor and the Bank as to whether the Bank was a bona fide creditor. Settlement of the claim to bring the Reiss Trust property into the estate would not resolve the wholly separate issue whether the Bank is a creditor of the estate. Had the court properly evaluated the bankruptcy trustee's chances of reaching the assets in the Reiss Trust to pay the bona fide debts of the bankruptcy estate, it surely would have evaluated those chances of success at nearly one hundred percent. The claim against the trust,

containing only Kansas land, likely would be governed by Kansas law. A Kansas statute provides as follows:

> "All gifts and conveyances of goods and chattels, made in trust to the use of the person or persons making the same shall, to the full extent of both the corpus and income made in trust to such use, be void and of no effect, regardless of motive, as to all past, present or future creditors; but otherwise shall be valid and effective."

Kan.Stat.Ann. § 33–101. The cases in that state recognize that this rule applies regardless of the length of time elapsing between the date of creation of the trust and the date the creditors attempt to reach the trust property and regardless of the motivation of the settlor of the trust. *E.g., Herd v. Chambers*, 158 Kan. 614, 149 P.2d 583, 589 (1944). That there are contingent beneficiaries in the event of the trust settlor's death makes no difference. *Id.* at 590. If Oklahoma law applies we believe the result would be the same. An Oklahoma statute provides that "[t]he interest of the trustor as a beneficiary of any trust shall be freely alienable and subject to the claims of his creditors." Okla.Stat. tit. 60, § 175.25 G; *see also Roberts v. South Okla. City Hosp. Trust*, 742 P.2d 1077, 1082 (Okla.1986) ("An arrangement pretending to be a trust while retaining powers in the settlor has no real substance and is in reality an incompleted trust."). The "American doctrine supported by the great weight of federal and state authorities is, that irrespective of statute an individual cannot create out of his own property for his own benefit a trust for himself and thereby defeat his creditors of their lawful demands." *Herd*, 149 P.2d at 589.

Even if there was some uncertainty as to whether the Reiss Trust property could be reached, the Bank offered to pay all such costs; the bankruptcy estate would incur no expense in pursuing the litigation. Like the First Circuit in *In re Lloyd, Carr & Co.*, 617 F.2d 882, 889 (1st Cir.1980), "we have found no precedent for a compromise . . . actively opposed by the major creditors

---

**2.** Reiss here received the discharge, which the Bank did not contest.

and affirmatively approved by none." We do not have to go so far as to hold that the bankruptcy court can approve no settlement of a case to bring assets into the estate over the disapproval of all creditors, or the single creditor, of the estate. At least in a case like that at bar, when there would be no cost to the estate and nothing to pay creditors without success in the lawsuit, we hold that the bankruptcy court abused its discretion in approving a settlement objected to by the sole creditor.

The contention that the Bank's lawyer might have some conflict of interest is wholly collateral to the controversy. That question should be determined as a matter of legal ethics. If the bankruptcy court finds that the lawyer's representation would be improper, it could simply require the Bank to pay the expenses of a different lawyer as a condition to disapproving the proposed settlement.

The issue of the validity of the Bank's claim, based upon its alleged violation of the Fair Credit Reporting Act, would not have to be determined unless the pursuit of the Reiss Trust assets were successful. If the trust assets are brought into the estate, the bankruptcy trustee then has the funds to litigate that issue if he believes it has some merit. As noted above, settlement of the claim against the Reiss Trust does not resolve the question whether the Bank is a bona fide creditor entitled to be paid from the bankruptcy estate.

In sum, we hold that the bankruptcy court did not make an informed decision based upon an objective evaluation of the situation before it, and, therefore, abused its discretion in approving the compromise settlement with the Reiss Trust.

REVERSED and REMANDED for further proceedings consistent herewith.