961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Robert Eugene EDWARDS and Mary Priscilla Edwards, Debtors.
Robert Eugene EDWARDS and Mary Priscilla Edwards, Appellants,
v.
Steve H. MAZER, Trustee, Appellee.
 No. 91-2139.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a district court order affirming a bankruptcy court's approval of a proposed settlement in a state court case.
 
 
 3
 Debtors were engaged in state court litigation with the State of New Mexico. Debtors had contracted with the State to perform certain construction work at Sugarite Canyon State Park for approximately $898,000. Debtors received $850,000 and the state retained $46,000 for liquidated damages. Debtors felt they would recover $600,000 in damages.
 
 
 4
 After Debtors entered Chapter 7 Bankruptcy, the Trustee negotiated a proposed settlement of the state court litigation in which $25,000 would be paid to Debtors' estate. Following notice, the Bankruptcy Court held a hearing on the Trustee's Motion to Approve Settlement. No oral testimony was offered at the hearing. Basically, the hearing involved a discussion between the attorneys, the Trustee, and the Bankruptcy Judge. However, the Bankruptcy Court did accept and file, without objection, two affidavits which subsequently provided the underpinnings of the Bankruptcy Court's factual findings and order approving the settlement. The Bankruptcy Court's decision was affirmed by the District Court in a thorough six-page Memorandum Opinion and Order.
 
 
 5
 Debtors now appeal, asserting no evidence exists to support the Bankruptcy Court's findings of fact. Debtors argue the findings of fact are clearly erroneous because they are unsupported.
 
 The District Court said it best:
 
 6
 The affidavits submitted at the hearing and filed of record support the finding of the Bankruptcy Court that the settlement amount had a rational relationship to the amount that could be claimed under the contract.
 
 
 7
 Debtors' brief ignores the two affidavits and asserts "no documentary evidence was offered or received as evidence."
 
 
 8
 The record on appeal fails to support Debtors' argument. Appellee's Supplemental Appendix sets forth the affidavits and attached exhibits of Robert M. Findling and Van H. Gilbert. The record clearly reflects both documents were filed with the Bankruptcy Court and were before the Bankruptcy Court.
 
 
 9
 We therefore AFFIRM the decision of the District Court for substantially the same reasons set forth in the District Court's Memorandum Opinion and Order of May 14, 1991, a copy of which is attached. The mandate shall issue forthwith.
 
 APPENDIX
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF NEW MEXICO
 
 10
 IN RE ROBERT EUGENE EDWARDS and MARY PRISCILLA EDWARDS, Debtors.
 
 
 11
 ROBERT EUGENE EDWARDS, and MARY PRISCILLA EDWARDS, Appellants,
 
 
 12
 vs.
 
 
 13
 STEVE H. MAZER, Trustee, Appellee.
 
 
 14
 On Appeal From Proceedings Under Chapter 7.
 
 CIVIL NO. 90-1081-M/RWM
 May 14, 1991
 MEMORANDUM OPINION AND ORDER
 
 15
 Debtors/Appellants Robert and Mary Edwards (the Edwards) filed a voluntary petition for Chapter 11 Bankruptcy on May 19, 1989. An Order converting the case to a Chapter 7 was entered on May 2, 1990. This matter is presently before the Court on the Edwards' appeal from a decision of the United States Bankruptcy Court for the District of New Mexico approving a settlement agreement between the Trustee and the State of New Mexico. Jurisdiction is proper under 28 U.S.C. § 158(a). After a review of the memoranda of the parties, the applicable law and the record on appeal, the Court FINDS that the Order of the Bankruptcy Court should be affirmed.
 
 
 16
 The settlement agreement approved by the Bankruptcy Court involves civil litigation pending in the District Court of Santa Fe County, captioned Edwards v. State of New Mexico, et al. The litigation arose out of a construction contract at Sugarite Canyon State Park. Debtor Robert Edwards received over $850,000 in payment on the $897,602 contract amount and the state retained approximately $46,000 for liquidated damages or penalties. Mr. Edwards' Complaint sought over 4.6 million in damages and the state defendants counterclaimed against Mr. Edwards.
 
 
 17
 On July 23, 1990, the Trustee filed a Motion for Leave to Settle all Claims in the state court case for $25,000. A hearing on the trustee's motion was held on November 1, 1990. Two affidavits were filed by the Trustee without objection by the debtors. Counsel for the parties made statements and discussed the issues with the Bankruptcy Judge. No witnesses testified at the hearing. At the conclusion of the hearing, the Bankruptcy Judge granted the Trustee's Motion to Settle and made detailed findings of fact and conclusions of law. On November 9, 1990, the Edwards timely filed their Notice of Appeal.
 
 
 18
 The Edwards argue that the Bankruptcy Court abused its discretion in entering the Order of November 1, 1990 granting the motion for leave to settle all claims. They contend that the order was based on findings of fact which were not supported by any evidence.
 
 
 19
 This Court's review of the findings of fact made by the Bankruptcy Court is limited to a determination of whether or not those findings are clearly erroneous. Fed.R.Bankr.P. 8013. The approval of the compromise of a doubtful claim is within the discretionary power of the Bankruptcy Court and its action may be disturbed only when abuse of discretion clearly appeals. Matter of Ocobock, 608 F.2d 1358, 1360 (10th Cir.1979). However, the Bankruptcy Court's decision to approve the settlement must be an informed one based upon an objective evaluation of the facts. Reiss v. Hagmann, 881 F.2d 890, 892 (10th Cir.1989).
 
 
 20
 The state court case is the principal asset in the bankruptcy estate. Appellants contend they are entitled to recover damages in the litigation in excess of $600,000. There is non-dischargeable liability to the Internal Revenue Service of approximately $88,000. Appellants argue that the case should be settled for an amount in excess of the $25,000 offered.
 
 
 21
 Approval of a settlement under Bankruptcy Rule 9019 involves an analysis of the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. See In Re Justice Oaks, II Ltd., 898 F.2d 1544 (11th Cir.1990), St. Paul Fire and Marine Insurance v. Vaugn, 779 F.2d 1003, 1010 (4th Cir.1985); Drexel, Burnham, Lambert, Inc. v. Flight Trans. Corp., 730 F.2d 1128 (8th Cir.1984); In re Jackson Brewing Co., 624 F.2d 607 (5th Cir.1980).
 
 
 22
 The appellants contend that the Court's findings of fact were wholly unsupported by the evidence and therefore must be clearly erroneous. They argue that no evidence was submitted to the Court at the hearing on Trustee's Motion for Leave to Settle all claims and that the alleged absence of evidence is determinative of this appeal.
 
 
 23
 Appellee does not contradict appellants' statement that no oral testimony was submitted to the Court. The hearing involved discussion between the parties' attorneys, the Trustee and the Bankruptcy Judge. However, the Court did accept, and file without objection as part of the record, two affidavits which supported the Court's findings of fact. Appellee contends that the affidavits provided sufficient evidence to allow the Court to make its findings of fact.
 
 
 24
 The affidavits submitted to the Court were from Robert M. Findling, an employee of defendant Energy Minerals and Natural Resources Department and from Van H. Gilbert, the defendant architect in the state suit. Record Vol. II p. 188, 197. The Edwards did not object to the submission of these affidavits and did not submit any evidence in support of statements contained in their Objections to Trustee's Motion for Leave to Settle All Claims.
 
 
 25
 Debtor Robert Edwards received in excess of $850,000 of the $897,602 contract amount for the construction at Sugarite Canyon State Park. Record Vol II, p. 188. The state retained approximately $46,000 for defective, incomplete or unacceptable work. Id. The state estimates its expense of repairing Mr. Edwards' substandard work at $31,824. Record Vol. II, pp. 193-196. Although Mr. Edwards claims that he performed extensive work for which he was not compensated, he failed to get all "change orders" in writing before proceeding with the work as provided in the contract. Record Vol. II, p. 199. Mr. Gilbert, the architect who had the responsibility of determining whether the contractor's work complied with the contract documents found Mr. Edwards' work inadequate, (Record Vol II, p. 198) and proposed a reduction the contract amount of $37.941 (Record Vol II, pp. 281-289) for defective, non-conforming and incomplete work.
 
 
 26
 The affidavits submitted at the hearing and filed of record support the finding of the Bankruptcy Court that the settlement amount had a rational relationship to the amount that could be claimed under the contract. Tr. of hearing p. 35. The Court took the $46,000 balance on the contract minus the alleged cost of completion of substandard or incomplete work and compared that figure with the settlement offer. Id. The Bankruptcy Court found that it would be difficult for Edwards to prevail on his claim for compensation based on work actually done under improperly documented change orders. Tr. of hearing pp. 35-36. The Court also found that the settlement was rationally related to the value of the lawsuit, that it would provide a meaningful distribution to the IRS and that pursuing the state court litigation would be expensive and time consuming. Tr. of hearing p. 38.
 
 
 27
 Findings of Fact are not set aside by the District Court unless they are clearly erroneous. In re Posta, 866 F.2d 364, 366 (10th Cir.1989). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Anderson v. Bessmer City, 470 U.S. 564 (1985). There is substantial evidence to support the factual findings of the Bankruptcy Court, therefore this Court will not set aside those findings.
 
 
 28
 The Court analyzed the probability of success, the complexity and the expense of the state court litigation. All factors enumerated in the line of cases discussing approval of a settlement under Bankruptcy Rule 9019 were considered, including the interests of the creditors, none of whom objected to the settlement proposal. The Trustee recommended approval of the compromise settlement. The state agreed to dismiss its counterclaim and its proof of claim in the bankruptcy proceeding. There is substantial evidence to support the finding that the settlement benefitted the estate.
 
 
 29
 The decision to approve a compromise or settlement is within the discretion of the Bankruptcy Judge. In re Woodson, 839 F.2d 610 (9th Cir.1988); In re American Reserve Corp., 841 F.2d 159 (7th Cir.1987). It was not an abuse of discretion for the Bankruptcy Court to approve the state's settlement offer.
 
 
 30
 IT IS THEREFORE ORDERED that the judgment of the United States Bankruptcy Court for the District of New Mexico is affirmed.
 
 
 31
 /s/ Edwin L. Mechem
 
 UNITED STATES DISTRICT JUDGE