**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

DONALD E. ARMSTRONG,

    Debtor.

DONALD E. ARMSTRONG,

    Appellant,

v.

KENNETH A. RUSHTON, Trustee;
STEVEN R. BAILEY, Trustee,

    Appellees.

No. 02-4081
(BAP No. UT-01-039)
(BAP)

ORDER AND JUDGMENT *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor-appellant Donald E. Armstrong, acting pro se, appeals the judgment of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's approval of a settlement agreement in his Chapter 11 case. Our review of this case reveals no abuse of discretion on the part of the bankruptcy court, and we affirm.

This case is one of many appeals pending before this court, all of which involve the personal bankruptcy of Armstrong and/or the bankruptcies of various entities with which he is associated. In this case, Kenneth A. Rushton, the Chapter 11 trustee of Armstrong's personal bankruptcy estate, entered into a settlement agreement with Steven R. Bailey, the Chapter 7 trustee for the estate of Willow Brook Cottages, LLC. Aside from one claim that Willow Brook asserted against the Armstrong estate based on a promissory note, the settlement resolved all outstanding issues between the two estates, including matters involved in two appeals pending before this court, Nos. 00-4114 and 00-4117.

Pursuant to Fed. R. Bankr. P. 9019(a) and after a lengthy hearing, the bankruptcy court approved the settlement agreement, and Armstrong appealed to the BAP. The BAP, after hearing oral argument, concluded that the bankruptcy court had been fully informed of the circumstances surrounding the Armstrong

bankruptcy and that nothing in the record demonstrated an abuse of discretion. The BAP, therefore, affirmed the bankruptcy court's approval of the settlement agreement, and this appeal followed.

In our review of matters referred to the BAP, we look behind that panel's decision to independently review the decision of the bankruptcy court. *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1197 (10th Cir. 2003). "A bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion. The bankruptcy court's decision to approve the settlement, however, must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989) (citation omitted).

Although Armstrong lists fourteen points in his opening brief that he apparently considers to be discrete issues, this case actually involves only one issue: whether the bankruptcy court abused its discretion in approving the settlement agreement. Our review of the record in this case, particularly the transcript of the hearing before the bankruptcy court, convinces us that the bankruptcy court's decision was an informed one, thoroughly and properly analyzed, and based on full development of pertinent facts. It does not represent an unjust result, and therefore must be affirmed.

Factual Background

Because this case involves the legal and procedural history of other bankruptcies, it is necessary to understand something of the interrelated entities involved in the settlement agreement. Briefly, Armstrong was the president of Mountain Pacific Ventures (MPV). MPV, also in bankruptcy, was the managing member of Willow Brook Cottages and was Willow Brook's sole equity interest holder. Willow Brook was forced into an involuntary Chapter 11 proceeding in August 1998. Defendant Steven R. Bailey was appointed the Willow Brook trustee, and the case was converted to Chapter 7 in March 1999.

As part of the proceedings in the Willow Brook bankruptcy, Armstrong commenced an adversary proceeding against Bailey, and Bailey's counsel, Duane Gillman, and also against Gillman's law firm, both individually and as representatives of the Willow Brook estate. The complaint alleged various claims of negligence and breach of fiduciary duty in connection with the administration of the Willow Brook estate.

The bankruptcy court presiding over the Willow Brook proceeding (the Willow Brook court) ruled that Armstrong had violated the automatic stay by initiating the adversary proceeding. It held Armstrong in contempt and awarded Bailey, as trustee of Willow Brook, $3620.50 in actual damages and $5000 in punitive damages. It further dismissed the adversary proceeding with prejudice

and eventually enjoined Armstrong from asserting claims against Bailey or Gillman without court approval.

After entry of the judgment, Bailey initiated garnishment proceedings against Armstrong by serving Roger Segal, trustee for the MPV estate, with garnishment documents. Segal held $8620.50 owed by the MPV estate to Armstrong.

On appeal, the district court upheld the actual damages award, but reversed the imposition of punitive damages. Both parties appealed that decision to this court: case No. 00-4114 is Armstrong's appeal of the district court's affirmance of the $3620.50 in actual damages; case No. 00-4117 is Bailey and Gillman's appeal of the district court's reversal of the $5000 punitive damages award. Both of these appeals have been fully briefed and are pending before this court. Both are also among the issues addressed by the settlement agreement.

While the appeal from the Willow Brook court was pending in the district court, Armstrong filed personally for Chapter 11 protection. He was eventually removed as debtor-in-possession and was replaced by defendant Rushton as trustee. Defendant Bailey, as trustee of Willow Brook, filed a proof of claim against the Armstrong estate for approximately $150,000 based on a promissory note that Armstrong had executed in favor of Willow Brook.

The settlement agreement between the Armstrong and Willow Brook estates provided that Segal, the trustee of the MPV estate, would pay the Armstrong estate $5000 and a further $3620.50 as the recovery of a preferential transfer. Bailey released all of Willow Brook's claims against the Armstrong estate except for reserving the right to file a claim in the Armstrong proceeding for the $3620.50 and to pursue the proof of claim relating to the $150,000 promissory note. Rushton, on behalf of the Armstrong estate, reserved the right to object to the $150,000 proof of claim but released all other claims against Bailey, Gillman, Gillman's law firm, and Willow Brook.

Analysis

Although Armstrong's briefs are prolix and poorly organized, we will attempt to summarize and address the main arguments made in support of reversal.[1] Initially, Armstrong objects to the release of the claims against Bailey, Gillman, and the law firm involved in appeals Nos. 00-4114 and 00-4117. Armstrong believes those claims to be valuable and contends that neither Rushton nor the bankruptcy court properly reviewed and evaluated his offer to purchase

---

[1] Contrary to Armstrong's position, we agree with the BAP that the sole issue on appeal is whether the bankruptcy court abused its discretion in approving the plan. A reviewing court is not obligated to track precisely the sub-issues raised in a litigant's brief or to address every argument presented. 19 James Wm. Moore et al., *Moore's Federal Practice*, 205-1 (Matthew Bender 3d ed. 2003).

-6-

those claims for $5000 plus "the potential of an additional $1,000,000.00." Aplt. Opening Br. at 28. [2]

In addition to marshaling the relevant facts to determine whether to approve a settlement involving potential legal claims, a bankruptcy court should also analyze those facts in light of the following factors: (1) the chance of success of the litigation on the merits; (2) possible problems in collecting a judgment; (3) the expense and complexity of the litigation; and (4) the interest of creditors. *Kopp v. All Am. Life Ins. Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997). The bankruptcy court considered all of these factors, either expressly or implicitly, and did not abuse its discretion in approving the settlement.

We agree with appellees and the bankruptcy court that three specific legal hurdles involved in pursuing these claims rendered outright settlement appropriate. First, and as mentioned above, Armstrong has been enjoined by the Willow Brook court from pursuing any further actions against Willow Brook without leave of that court. Second, Bailey's actions, the subject of Armstrong's

---

[2] It is unclear why any amounts over $8620.50 would be involved in settling 00-4114 and 00-4117. Armstrong does not specify under what legal theories he can anticipate millions of dollars in recovery against Bailey and Gillman and/or against Willow Brook. As noted above, he is enjoined from pursuing Bailey, Gillman, and Willow Brook and, as determined by the BAP in a related matter, has no standing to sue on behalf of the Willow Brook estate.

complaint in the adversary proceeding underlying Appeal Nos. 00-4114 and 00-4117 and alleged to be negligence and malfeasance, were all done pursuant to orders of the Willow Brook court. And third, in a related appeal, the BAP has held that Armstrong, as a shareholder of a shareholder of Willow Brook, has no standing to pursue claims for diminution of the Willow Brook estate. As it was required to do, the bankruptcy court properly evaluated the likelihood of success on these claims and rightly concluded that "[t]he possibility of success with that kind of a record make[s] it almost impossible for the trustee of this estate to bring any of these actions." Aplt. App., Vol. V at 175.

Next, and as part of his general argument that the bankruptcy court should not have approved the settlement, Armstrong disagrees with the court's determination that notice of the pending settlement was proper. Although it is unclear whether Armstrong raised the issue of notice to the BAP, we agree with the bankruptcy court that notice was adequate in this case.

The notice of settlement here was initially and timely filed by Bailey, the Willow Brook trustee, instead of by Rushton. All interested parties were served with the motion to approve the settlement and the notice of settlement. Under the Bankruptcy Code, the phrase "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Ten days before the hearing on the settlement agreement, Rushton filed with the

court and served on all parties his memorandum in support of the settlement. On the day of the hearing, Rushton filed his formal joinder in the motion to approve the settlement. As there was no showing that Armstrong was unaware of the terms of the proposed settlement, or any evidence of surprise, confusion, or prejudice to Armstrong, the bankruptcy court determined that notice of the settlement was sufficient and proper. We agree.

Armstrong also challenges the bankruptcy court's treatment of him as violative of his right to due process. Contrary to Armstrong's view, however, we see the bankruptcy court as patient and balanced in its treatment of him. With respect to the specific challenge to approval of the settlement as an abuse of discretion, we note that the bankruptcy court held a hearing lasting several hours in which Rushton, Bailey, and Armstrong all testified. Armstrong was allowed to cross examine and to submit exhibits. Bailey and Rushton, both experienced bankruptcy trustees, testified and submitted exhibits in support of the agreement. Under these circumstances, we agree with the BAP that the bankruptcy court's approval of the settlement was an informed decision "based upon an objective evaluation of developed facts." *See Reiss*, 881 F.2d at 892. [3]

---

[3] Armstrong also attempts to challenge the settlement in this case by arguing that a separate settlement in the Willow Brook bankruptcy (the Vanderford settlement) was improper and that Bailey and Gillman have lied to the court about the existence of a prior settlement between Armstrong and Vanderford. We note

(continued...)

-9-

In his final group of points, Armstrong argues that Willow Brook violated the stay and the discharge in his bankruptcy case by continuing to pursue collection of the $3620.50 and the $5000.00. Armstrong, however, does not dispute appellees' assertion that he has filed, in the Willow Brook court, a motion seeking to hold Willow Brook, Bailey and Gillman in contempt for violation of the stay. It is up to the Willow Brook court to issue an order regarding the matter from which Armstrong can appeal, if aggrieved. To the extent Armstrong claims that Bailey has violated Armstrong's personal bankruptcy discharge, Armstrong offers no evidence that he has raised that matter to the bankruptcy court since that court granted the discharge injunction.

Finally, Armstrong has filed supplemental authority in the form of two decisions from the BAP holding that certain sanctions imposed against Armstrong by the bankruptcy court for criminal contempt exceeded that court's jurisdiction. Those decisions have no relevance in this appeal and do not undermine the general jurisdiction of the bankruptcy court over the Armstrong bankruptcy matters.

---

[3](...continued)
that the Vanderford settlement was approved by the Willow Brook court after it heard objections from Armstrong. Armstrong did not appeal that approval, and issues involving the Vanderford settlement are irrelevant to this appeal.

Armstrong's request to supplement the record filed in this court on December 20, 2002, is GRANTED. Armstrong's request to vacate all orders entered by Judge Judith A. Boulden and Judge Glen E. Clark based on their voluntary recusals is DENIED. His motions to file exhibits on compact disk, to file and serve documents by fax and electronically, to consider consolidation, and for extension of time are DENIED. With the exception of his request to supplement the record, all requests appended to the end of Armstrong's opening brief are DENIED.

The judgment of the Bankruptcy Appellate Panel is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge