**FILED**

**U.S. Bankruptcy Appellate Panel
of the Tenth Circuit**

**October 8, 2015**

**Blaine F. Bates
Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

---

| | |
|---|---|
| IN RE LISA KAY BRUMFIEL, aka Sarah Lisa Brumfiel, <br><br> Debtor. | BAP No. CO-15-014 |
| LISA KAY BRUMFIEL, <br><br> Appellant, <br><br> v. <br><br> DAVID E. LEWIS, Chapter 7 Trustee, and U.S. BANK, N.A., as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1, and its predecessors, successors and assigns, <br><br> Appellees. | Bankr. No. 11-39881 <br> Chapter 7 <br><br> OPINION[*] |

---

Before **KARLIN**, Chief Judge, **CORNISH** and **MICHAEL**, Bankruptcy Judges.

---

**KARLIN**, Chief Bankruptcy Judge.

The debtor appeals the bankruptcy court's order approving a settlement agreement in the Chapter 7 case she reopened about two years after receiving her discharge. She challenges the trustee's compromise of her alleged claims against the creditor that foreclosed the note and deed of trust on her residence. Having

---

[*]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

reviewed the record and applicable law, we affirm the bankruptcy court's order approving the settlement agreement.

## I.     BACKGROUND[1]

In 2006, debtor Lisa Kay Brumfiel ("Debtor") executed a note and deed of trust as security for a loan to purchase a residence in Aurora, Colorado ("Property").  Although the original lender was First Franklin, the note and deed of trust were subsequently transferred to the current holder, U.S. Bank, N.A. ("Creditor").[2]  Debtor defaulted on the note in 2010, but claims she was not required to pay it because of her allegation that the note and deed of trust were improperly assigned from the original lender to Creditor.  As a result of her default, Creditor began a Colorado non-judicial foreclosure proceeding[3] against the Property in October 2011.

Debtor filed her petition for Chapter 7 bankruptcy relief in December 2011. David E. Lewis was appointed Chapter 7 trustee ("Trustee").  After Trustee's administration of the no-asset case, Debtor received a discharge and her case was closed in May 2012.  Creditor then continued its non-judicial foreclosure proceeding against the Property.

In October 2012, Debtor filed a wrongful foreclosure action in federal district court against Creditor,[4] asserting among other things, civil rights deprivations under 42 U.S.C. §§ 1983, 1985, and 1988.  Debtor claimed that

---

[1]     Unless otherwise indicated, this factual description is taken from the bankruptcy court's *Order on Motion to Approve Settlement ("Order Approving Settlement"), in* Appellant's App. at 119.  This order may be found at *In re Brumfiel*, No. 11-39881, 2015 WL 1339837 (Bankr. D. Colo. Mar. 20, 2015).

[2]     Creditor holds the note and deed of trust as trustee of a Merrill Lynch mortgage loan trust.

[3]     Colo. R. Civ. P. 120.

[4]     The assignment of the note and deed of trust was accomplished through Mortgage Electronic Registrations Systems (a division of MERSCorp.) ("MERS"), and thus Debtor also named MERS as a defendant in the suit.

Colorado's non-judicial foreclosure proceeding violated her constitutional right of due process, and challenged a Colorado statute[5] that allowed the holder of a debt to seek foreclosure without producing the original evidence of debt or original deed of trust.[6] When the federal district court temporarily enjoined execution in the non-judicial foreclosure proceeding, Creditor voluntarily elected to instead file a judicial foreclosure action in Colorado state court in May 2013, and the federal district court granted Debtor's then-unopposed motion for preliminary injunction.

In October 2013, the federal district court then dismissed Debtor's remaining claims against Creditor, finding Debtor was not a party in interest with the right to pursue them. Instead, the federal district court determined that because Debtor's claims against Creditor accrued prepetition and she had failed to schedule those claims in her bankruptcy filings, they still belonged to the bankruptcy estate.[7] As a result, the Trustee of Debtor's estate was the only party with standing to pursue them.[8] Debtor's motion to reconsider that dismissal was denied, and she then appealed the dismissal to the United States Court of Appeals for the Tenth Circuit.

Debtor also pursued Creditor and its attorneys on the same theories by filing counterclaims in the state court judicial foreclosure action. But the state court dismissed Debtor's claims against Creditor in January 2014 for the same

---

[5]     Colo. Rev. Stat. Ann. § 38-38-101(1)(b)(II) (West 2015).

[6]     *See Brumfiel v. U.S. Bank*, No. 12-02716, 2013 WL 5495543, at *1 (D. Colo. Oct. 2, 2013), *aff'd*, *Brumfiel v. U.S. Bank*, No. 14-1421, 2015 WL 4496197 (10th Cir. July 24, 2015) (summarizing Debtor's federal district court complaint). Debtor's other claims against Creditor were for fraud, common law conspiracy, and intentional and negligent infliction of emotional distress.

[7]     *Id.* at *4-5.

[8]     *Id.* at *5.

reasons—she was not the real party in interest.[9]  The state court also granted

Creditor's motion for summary judgment, which sought to foreclose the deed of

trust, finding that Debtor was in default and that Creditor was the holder of the

original promissory note and the deed of trust,[10] and concluding Debtor's

numerous defenses were unavailing.[11]  Debtor appealed to the Colorado Court of

Appeals.

While Debtor's appeals to the Tenth Circuit and Colorado Court of Appeals

were pending, she reopened her bankruptcy case, and Trustee was reappointed.

Trustee then filed a notice pursuant to Bankruptcy Rule 6007(a) stating his intent

to abandon:

> any claim for avoidance, recovery, fraud, or other basis, asserted by
> the debtor against purported lienholders, or their successors, assigns
> or affiliates claiming an interest in the real property owned by the
> debtor and claimed as her homestead, whether currently asserted or
> asserted as some future date.[12]

Creditor filed an objection to the Trustee's notice of intent to abandon these

claims, contending "the Claims may only have value and benefit to the estate

resulting in potential proceeds available for distribution to the estate's

---

[9]      Additionally, the state court dismissed Debtor's affirmative claims for failure to state a claim and failure to bring the claims within the applicable statute of limitations.

[10]     *U.S. Bank v. Brumfiel*, No. 13CV825 (Dist. Ct., Arapahoe County, Colo. January 14, 2014), *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 17, BAP. ECF No. 32 (adopting the reasoning of the Colorado federal district court decision).

[11]     The state court rejected Debtor's defenses, concluding that 1) Creditor was not required to prove it was a holder in due course, *U.S. Bank v. Brumfiel*, No. 14CA0464 (Colo. App. May 21, 2015) at 15, *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 53, BAP. ECF No. 32; 2) Creditor had standing to foreclose because it was the holder of a negotiable instrument under which Debtor had defaulted, *id.* at 16-17; 3) amendments made to the Colorado foreclosure statutes in 2006 that Debtor claimed were unconstitutional were not applicable, *id.* at 17-18; and 4) Colorado's Civil Access Pilot Project rules were applicable, and even if they were not, Debtor did not demonstrate she was prejudiced by them, *id.* at 19-21.

[12]     *Order Approving Settlement* at 3, *in* Appellant's App. at 121.

-4-

creditors if [Creditor] and Trustee reach a compromise on those Claims."[13]

In August 2014, Trustee and Creditor reached a proposed settlement agreement ("Settlement Agreement"); it called for Creditor to pay Trustee $10,000 (the alleged nuisance value) to acquire any claims the estate may have against Creditor. The Settlement Agreement also provided that Creditor would be permitted to file a general unsecured claim in Debtor's case for any deficiency that may exist following foreclosure. Trustee filed a motion to approve the Settlement Agreement; only Debtor and Debtor's father (who is a creditor of the bankruptcy estate) objected.[14]

The bankruptcy court conducted an evidentiary hearing on that motion in January 2015, which included testimony from both Trustee and Debtor. The bankruptcy court concluded that the Settlement Agreement was in the best interests of the creditors as a whole, and granted the Trustee's motion ("Order Approving Settlement"). Debtor timely filed a motion to alter or amend that order. She argued the bankruptcy court lacked jurisdiction because of the pendency of her appeals in both the Tenth Circuit and the state appellate court.[15] The bankruptcy court concluded it had jurisdiction over the Property as it belonged to the bankruptcy estate, and denied Debtor's motion to alter or amend.[16]

---

[13]     *Motion to Approve Settlement Agreement* at 5, *in* Appellee's App. at 32.

[14]     Around the same time, the bankruptcy court entered an order concluding there was no automatic stay in place with respect to the Property. *Order on Motion for Relief from Stay*, *in* Appellee's App. at 53. As a result, Creditor pursued foreclosure and purchased the Property at a foreclosure sale. The bankruptcy court's order indicates Creditor then evicted Debtor. *Order Approving Settlement* at 4, *in* Appellant's App. at 122.

[15]     *Debtor's Motion to Alter and Amend the Court's Order Approving the Settlement Agreement*, *in* Appellant's App. at 170.

[16]     *Order on Motion to Alter and Amend*, *in* Appellee's App. at 273.

Debtor timely appealed that decision, and also filed a motion to stay the Order Approving Settlement pending appeal (which the bankruptcy court denied). Subsequent to Debtor's appeal of the bankruptcy court's Order Approving Settlement to this Court, both the Tenth Circuit and the Colorado Court of Appeals issued unpublished decisions affirming the federal district court and state court dismissals of Debtor's claims against Creditor.[17] Debtor thus had four opportunities to persuade courts that her claims against Creditor accrued postpetition, and failed. As a result, it is clear that the claims against Creditor that are the subject of the Settlement Agreement belonged to the bankruptcy estate.

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[18] Neither party elected to have this appeal heard by the United States District Court for the District of Colorado. The parties have therefore consented to appellate review by this Court.

A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[19] Here, the bankruptcy court's Order Approving Settlement is final for purposes of review.[20]

---

[17] *Brumfiel v. U.S. Bank,* No. 14-1421, 2015 WL 4496197 (10th Cir. July 24, 2015); *U.S. Bank v. Brumfiel*, No. 14CA0464 (Colo. App. May 21, 2015), *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 37, BAP. ECF No. 32..

[18] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8005; 10th Cir. BAP L.R. 8005-1.

[19] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[20] *See In re The Bennett Funding Group, Inc.*, 439 F.3d 155, 160 (2d Cir. 2006) (a bankruptcy court order approving a settlement that brings litigation between the parties to an end is a final order).

## III.  STANDARD OF REVIEW

For purposes of standard of review, decisions by trial courts are traditionally divided into three categories, denominated:  1) questions of law, which are reviewable *de novo*; 2) questions of fact, which are reviewable for clear error; and, 3) matters of discretion, which are reviewable for abuse of discretion.[21] On appeal, Debtor takes issue with the bankruptcy court's exercise of jurisdiction for a number of reasons.  She alleges the claims against Creditor are not property of the estate, that the pending appeals in other courts prevent the bankruptcy court from acting, and that the bankruptcy court should have abstained.  These are all legal issues that are subject to *de novo* review.[22]  *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision.[23]  To the extent Debtor disputes the propriety of the bankruptcy court's decision to approve the Settlement Agreement, we review such decision for abuse of discretion.[24]  "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite

---

[21]  *Pierce v. Underwood*, 487 U.S. 552, 558 (1988); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1370 (10th Cir. 1996).

[22]  *See In re Wise*, 346 F.3d 1239, 1241 (10th Cir. 2003) (whether an asset is property of the estate is a legal question subject to *de novo* review); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (determination of a court's subject matter jurisdiction is a question of law that we review *de novo*); *Telluride Asset Resolution, LLC v. Telluride Glob. Dev., LLC (In re Telluride Income Growth LP)*, 364 B.R. 390, 398 (10th Cir. BAP 2007) (decisions regarding abstention pursuant to 28 U.S.C. § 1334(c)(2) are reviewed *de novo*) (citing *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 770 (10th Cir. BAP 1997)).

[23]  *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991).

[24]  *See Reiss v. Hagmann*, 881 F.2d 890, 891-2 (10th Cir. 1989) (a bankruptcy court's approval of a settlement "may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion."); *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997) (approval of settlement is reversible only when it amounts to clear abuse of discretion).  *See also* Fed. R. Bankr. P. 9019(a)("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.").

and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[25]

## IV. ANALYSIS

### A. Jurisdiction of the Bankruptcy Court

#### 1. Claims Against Creditor Are Property of the Bankruptcy Estate

On appeal, Debtor argues that her wrongful foreclosure claims against Creditor are not property of the bankruptcy estate, and therefore the bankruptcy court was without jurisdiction to approve the Settlement Agreement. Debtor's argument has no merit.

Section 541(a) of the Bankruptcy Code includes in a bankruptcy estate all types of property, legal and equitable, tangible or intangible, and is interpreted very broadly.[26] The Tenth Circuit has held that "[e]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative is within the reach of 11 U.S.C. § 541."[27] Legal claims and causes of action, pending or potential, that a debtor may possess as of the petition date are clearly within the scope of § 541.[28] When Debtor filed her Chapter 7 petition, she was obligated under § 521 to disclose all of her assets, including contingent and unliquidated claims.[29] This obligation included disclosure of all legal claims and causes of

---

[25]    *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)).

[26]    11 U.S.C. § 541(a). Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[27]    *In re Dittmar*, 618 F.3d 1199, 1207 (10th Cir. 2010) (quoting *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993)).

[28]    *See, e.g.*, *Sender v. Buchanan (In re Hedged-Invs. Assocs.)*, 84 F.3d 1281, 1285 (10th Cir. 1996) (causes of action belonging to a debtor fall within § 541).

[29]    Section 521(a)(1) imposes a duty upon each debtor to file a schedule of all assets and liabilities.

action, pending or potential, that she may have had against Creditor as of the petition date.[30] Debtor did not comply with this duty.

Debtor disclosed Creditor's pending non-judicial foreclosure proceeding against the Property in response to Question 4 on the Statement of Financial Affairs.[31] However, she did not disclose the existence of any claims or potential claims she might have then had against Creditor arising out of the alleged improper assignment of the note and deed of trust, Creditor's attempts to collect payments under that note, or Creditor's institution of the non-judicial foreclosure proceeding—all of which occurred prior to her bankruptcy filing.

When a bankruptcy case is closed, § 554(c) provides that property scheduled under § 521(a)(1), but not administered, is abandoned to the debtor. But because Debtor failed to disclose her alleged claims against Creditor in her bankruptcy filings, they were not abandoned to Debtor when her case was closed. Instead, the claims remained property of the estate pursuant to § 554(d),[32] and upon reopening of the case and reappointment of Trustee, Trustee became the

---

[30]    *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) ("The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have." (internal citations omitted)).

[31]    *Order Approving Settlement* at 2, *in* Appellant's App. at 120.

[32]    *See U.S. ex rel. Spicer v. Westbrook,* 751 F.3d 354, 364 n.13 (5th Cir. 2014) (noting that "a trustee does not abandon a claim that the debtor has failed to disclose"); *Tyler v. DH Capital Mgmt., Inc.* 736 F.3d 455, 465 (6th Cir. 2013) ("Property not administered at the closing of a bankruptcy case is ordinarily considered abandoned. However, if the property was never scheduled, it remains property of the estate."(internal citations omitted)); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." (internal citations omitted)).

proper representative of the estate with the capacity to sue and be sued on its behalf pursuant to § 323.[33] When the federal district court and the Colorado state court considered Debtor's claims against Creditor, they both agreed that the claims against Creditor belonged to the bankruptcy estate.[34] As a result, they refused to assume jurisdiction and dismissed the claims Debtor brought against Creditor because she was not the real party in interest. Both those decisions have been recently affirmed, by the Tenth Circuit and the Colorado Court of Appeals, respectively, and both agree that these claims belonged to the bankruptcy estate when they denied her appeals.[35]

Debtor persists in arguing here that the claims against Creditor were not property interests she was required to disclose on her schedules or Statement of Financial Affairs, claiming they did not arise prior to the filing of her Chapter 7 petition.[36] Specifically, she argues that because no order authorizing the sale of the Property had been issued in the foreclosure proceeding prior to the date she filed her bankruptcy petition—and thus she was not yet harmed by those acts, the claims must have arisen post-petition. But the record is clear that two months

---

[33]    *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011) (citing § 323(b) for the proposition that the trustee of a bankruptcy estate "has the sole capacity to sue and be sued over assets of the estate").

[34]    *Brumfiel v. U.S. Bank*, No. 12-02716, 2013 WL 5495543, at *5 (D. Colo. Oct. 2, 2013) (because Debtor's claims against Creditor accrued prior to her bankruptcy and she did not disclose them, Trustee was real party in interest and Debtor lacked standing); *U.S. Bank v. Brumfiel*, No. 13CV825, at 6 (Dist. Ct., Arapahoe County, Colo. January 14, 2014), *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 22, BAP. ECF No. 32 (adopting the reasoning of the Colorado federal district court decision).

[35]    *Brumfiel v. U.S. Bank,* No. 14-1421, 2015 WL 4496197 at *4-5 (10th Cir. July 24, 2015) (district court properly considered claims to be part of bankruptcy estate so Debtor was not real party in interest); *U.S. Bank v. Brumfiel*, No. 14CA0464 (Colo. App. May 21, 2015) at 11, *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 49, at 11, BAP. ECF No. 32 (claims against Creditor remained part of bankruptcy estate so only Trustee, as the real party in interest, had standing to assert them).

[36]    Appellant's Reply Br. at 16.

prior to her bankruptcy, Creditor had filed the foreclosure proceedings that Debtor claims were wrongful due to the purported improper assignment of the note and deed of trust. Further, Debtor's argument that these claims accrued post-petition has already been rejected by the federal district court, the Colorado state court, the Tenth Circuit Court of Appeals and the Colorado Court of Appeals. Debtor's argument that the claims against Creditor were not property of the bankruptcy estate and, therefore, that the bankruptcy court had no jurisdiction to approve the Settlement Agreement is unfounded.

### 2. Pendency of Appeals in Other Courts

Debtor next argues the Order Approving Settlement is void ab initio and of no force and effect because the bankruptcy court "wrongly assumed jurisdiction during the pendency of [appeals] of the real party in interest issue first filed in the federal and state courts."[37] Debtor is again incorrect.[38]

After the bankruptcy court entered its Order Approving Settlement, Debtor filed a motion to alter or amend the order. In that motion, Debtor argued, as she does now on appeal to this Court, that her then pending appeals before the Tenth Circuit and the Colorado Court of Appeals prevented the bankruptcy court from exercising jurisdiction. While it is true that filing a notice of appeal has jurisdictional consequences, conferring jurisdiction on the appellate court and divesting the trial court of control over those aspects of the case involved in the appeal,[39] the appeals pending before the other courts were not appeals of an order

---

[37] Appellant's Opening Br. at 8.

[38] As support for this argument, Debtor invokes the first to file rule, the rule against claim splitting, and judicial estoppel. Appellant's Opening Br. at 8-10. But as Creditor points out, none of these legal principles are applicable here. Appellee's Response Brief at 15-17. Therefore, we feel it unnecessary to elaborate on them further.

[39] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58-61 (1982) (summarizing the historical development of this legal cannon).

entered in Debtor's bankruptcy case. Moreover, by statute, the bankruptcy court has "exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of [the] case, and of property of the estate."[40] Once Debtor filed her Chapter 7 petition, she could not divest the bankruptcy court of jurisdiction over property of the bankruptcy estate simply by filing claims against Creditor in other courts.

Additionally, subsequent to Debtor's appeal to this Court of the bankruptcy court's Order Approving Settlement Agreement, both the appeal pending before the Colorado Court of Appeals and the appeal pending before the Tenth Circuit were decided. The Colorado Court of Appeals issued an unpublished opinion on May 21, 2015, affirming the state trial court's dismissal of Debtor's claims against Creditor because she was not the real party in interest.[41] The Tenth Circuit entered an unpublished order and judgment on July 24, 2015, affirming the federal district court's dismissal of Debtor's complaint against Creditor, again because she was not the real party in interest and therefore lacked prudential standing.[42]

### 3. Abstention

Debtor also argues the bankruptcy court should have abstained from hearing Trustee's motion to approve the settlement reached with Creditor based

---

[40]   28 U.S.C. § 1334(e)(1).

[41]   *U.S. Bank v. Brumfiel*, No. 14CA0464 (Colo. App. May 21, 2015), *in* Appellee U.S. Bank's App. of Doc. Subject to Judicial Notice Under Fed. R. Evid. 201(b) at 37, BAP. ECF No. 32. Debtor filed a petition for rehearing, which the Colorado Court of Appeals denied on July 16, 2015. Debtor then filed a petition for writ of certiorari with the Colorado Supreme Court. It remains pending.

[42]   *Brumfiel v. U.S. Bank,* No. 14-1421, 2015 WL 4496197 (10th Cir. July 24, 2015). Debtor filed a petition for rehearing, which the Tenth Circuit denied and its mandate issued on August 21, 2015.

on either the *Younger* abstention doctrine,[43] or the mandatory abstention provision of 28 U.S.C. § 1334.  Neither of these abstention principles is applicable here.

Generally speaking, the *Younger* abstention doctrine holds that in absence of unusual circumstances, a federal court cannot interfere with a state criminal prosecution.[44]  The doctrine has been narrowly extended to other exceptional circumstances such as "civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."[45]  But absent such exceptional circumstances, the pendency of a state court action is no bar to federal court proceedings regarding the same matter.[46]  This case presents no such exceptional circumstances and the *Younger* abstention doctrine simply does not apply.

Debtor's mandatory abstention argument also misses the mark.  The mandatory abstention provision of 28 U.S.C. § 1334(c)(2) requires a federal court to abstain from hearing a case based upon a state-law claim related to a title 11 bankruptcy case but not arising under title 11, if certain requirements are met.[47]  One of these requirements is that a party make a timely motion seeking

---

[43]  *Younger v. Harris*, 401 U.S. 37 (1971).

[44]  17B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 4252 (3d ed. 2015).

[45]  *Sprint Commc'ns, Inc. v. Jacobs*, ___ U.S. ___, 134 S.Ct. 584, 588 (2013) (internal quotation marks and citation omitted).

[46]  *Id.*

[47]  28 U.S.C. § 1334(c)(2) provides as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

abstention.  In other words, mandatory abstention is not jurisdictional, and it can be waived by a party who does not make a timely motion.[48]  Assuming for the sake of argument that the proceeding appealed here falls under the bankruptcy court's "related to" jurisdiction because it involves causes of action owned by the Debtor that became property of the estate pursuant to § 541,[49] Debtor neglected to file any motion with the bankruptcy court seeking abstention, much less a timely one.  Debtor has waived abstention and cannot now raise it on appeal. Additionally, as Creditor points out, it was Debtor who invoked the bankruptcy court's jurisdiction by reopening her Chapter 7 case hoping to require the alleged causes of action against Creditor to be abandoned to her.[50]  Debtor will not be permitted to invoke the bankruptcy court's jurisdiction for her benefit and then argue that the same court has no jurisdiction when Creditor agrees to purchase those causes of action from the estate. Debtor's abstention theories are not persuasive.

### B.    Approval of Settlement Agreement

The bankruptcy court may approve a settlement agreement if it is fair and equitable, and in the best interests of the estate.[51]  The settlement agreement need not be the "best result obtainable."[52]  The bankruptcy court's charge is not to second guess a trustee, but instead to ensure the trustee exercised sound business judgment in reaching the compromise.[53]

---

[48]    *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776 (10th Cir. BAP 1997).

[49]    *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995).

[50]    Appellee's Response Br. at 21.

[51]    *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (D. Colo. 1989).

[52]    *Ritchie Capital Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015).

[53]    *United States v. Sterling Consulting Corp. (In re Indian Motocycle Co.)*,

(continued...)

In the Tenth Circuit, the standard for determining whether a settlement in a bankruptcy case should be approved is a four part test articulated by this Court in *In re Kopexa Realty Venture Co.*[54] Pursuant to *Kopexa Realty*, Trustee has the burden of proving the proposed settlement should be approved based on these factors: 1) the probable success of the underlying litigation on the merits; 2) the possible difficulty in collection of a judgment; 3) the complexity and expense of the litigation; and 4) the interests of creditors in deference to their reasonable views.[55] Here, the bankruptcy court applied those factors and concluded:

> Three of the factors favor the Trustee's settlement of the Debtor's claims. The claims have a low probability of success, asserting the claims would be complex and expensive, and the Settlement Agreement meets the best interests of creditors as a whole. One factor, the possible difficulty in collection of any judgment, is either inapplicable or weighs against approval of the Settlement Agreement, but that one factor has little weight, in the Court's opinion. Considering all the evidence before the Court, the Court finds that the Settlement Agreement sufficiently satisfies the *Kopexa Realty* factors.[56]

Settlements are looked upon with favor in bankruptcy proceedings.[57] A bankruptcy court's order approving a negotiated settlement is entitled to deferential review, and this Court can only reverse the Order Approving Settlement if there has been an abuse of discretion.[58] Debtor points to no specific

---

[53] (...continued)
289 B.R. 269, 282-83 (1st Cir. BAP 2003).

[54] 213 B.R. 1020, 1023 (10th Cir. BAP 1997). *See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).

[55] *Kopexa Realty*, 213 B.R. at 1022.

[56] *Order Approving Settlement* at 8, *in* Appellant's App. at 126.

[57] *See Anderson*, 390 U.S. at 424; *In re Jevic Holding Corp.*, 787 F.3d 173, 184 (3d Cir. 2015); *Korngold v. Loyd (In re S. Med. Arts Co.)*, 343 B.R. 250, 255 (10th Cir. BAP 2006).

[58] *City Sanitation, LLC v. Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 91 (1st Cir. 2011).

finding or conclusion in the bankruptcy court's analysis that constitutes error, and we see none. In fact, the record firmly supports its findings.

Trustee testified that in his opinion Debtor's claims had no merit and Creditor's proposed payment of $10,000 represented the nuisance value of the claims. This seems likely true, given that the Colorado state trial court has already determined that Creditor had standing to pursue foreclosure and was entitled and allowed to foreclose on the Property, and the Colorado Court of Appeals has affirmed that decision. Further, the bankruptcy court found that the estate had no resources with which to pursue the claims, regardless of their merit. Therefore, we conclude the bankruptcy court did not abuse its discretion in approving the Settlement Agreement.

## V.    CONCLUSION

Contrary to Debtor's contentions, there were no impediments to the bankruptcy court's exercise of jurisdiction over the proposed compromise under which Trustee sold Debtor's causes of action against Creditor to Creditor for their alleged nuisance value of $10,000. Further, the bankruptcy court did not abuse its discretion in approving the Trustee's Settlement Agreement. Therefore, the bankruptcy court's Order Approving Settlement is hereby AFFIRMED.[59]

---

[59]    Creditor filed two motions for this Court to take judicial notice of various state court and federal court orders and pleadings. Judicial notice of public records is appropriate, and Creditor's requests for judicial notice are GRANTED. *See State Farm Mut. Auto Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (permitting judicial notice of "documents from the public record"). To the extent that Debtor's response to Creditor's second request for judicial notice seeks a stay of this appeal, that request is DENIED.