**In re KOPEXA REALTY VENTURE CO., a Kansas General Partnership, Debtor.**

**In re C.K. WILLIAMS, INC., a Kansas corporation, Debtor.**

**Earl E. KOPP and Carolyn Kopp, Appellants,**

**v.**

**ALL AMERICAN LIFE INSURANCE COMPANY; The United States Life Insurance Company in the City of New York; Carl R. Clark, Chapter 11 Trustee for Kopexa Realty Venture Co.; and Darcy Williamson, Trustee for C.K. Williams, Inc., Appellees.**

**BAP No. KS–96–046.**
**Bankruptcy Nos. 95–21261, 95–21262.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Nov. 12, 1997.

Dennis Owens, Kansas City, MO, for Appellants.

Carl R. Clark, Lentz & Clark, Overland Park, KS, and Darcy D. Williamson, Topeka, KS (John J. Cruciani, Lentz & Clark, Overland Park, KS, and Richard M. Beheler, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, MO, with them on the brief), for Appellees.

Before CLARK, BOHANON, and MATHESON, Bankruptcy Judges.

## OPINION

MATHESON, Bankruptcy Judge.

This Panel has before it for review the November 8, 1996, order of the United States Bankruptcy Court for the District of Kansas, approving a proposed compromise and settlement. For the reasons set forth below, we conclude that the decision of the bankruptcy court should be vacated and the matter remanded to that court for further proceedings.

## JURISDICTION AND STANDARD OF REVIEW

A bankruptcy appellate panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As none of the parties have opted to have this

appeal heard by the District Court for the District of Kansas, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001-1(c).

The Bankruptcy Appellate Panel may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; *see First Bank v. Reid (In re Reid),* 757 F.2d 230, 233–34 (10th Cir.1985). The clearly erroneous standard does not apply to the conclusions of law of the bankruptcy court. Such conclusions are reviewed *de novo*. *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

## BACKGROUND

C.K. Williams, Inc. ("Williams") and Kopexa Realty Venture Company ("Kopexa") are each debtors in proceedings pending in the United States Bankruptcy Court for the District of Kansas. All of the stock of Williams is owned by Carolyn Kopp. The trustees of the estates of the two debtors, Ms. Williamson for Williams and Mr. Clark for Kopexa, entered into an agreement to resolve certain mutual claims between the two estates. Notice of the compromise was given in each estate, and objections were filed by several interested parties, including Earl and Carolyn Kopp (collectively, "Kopps"), in the Williams estate only. After hearing, the bankruptcy court approved the proposed compromise and settlement and this appeal followed.

■ There is one technical problem with this appeal that must be addressed. The record reflects that the Kopps filed their notice of appeal "as creditors." The transcript of the hearing discloses that the Kopps are creditors only in the Williams' case, and not in Kopexa. (Tr. 29:20–25). However, when the Kopps filed their notice of appeal, it was captioned in the same manner as the motion to approve the settlement was captioned, that is, in both Kopexa and Williams. Kopexa, being the lowest numbered case, was first in the caption.

The Kopps tendered their notice of appeal and the appropriate filing fee to support an appeal in one case. The clerk docketed the notice of appeal only in Kopexa because only one filing fee was paid. Thus, the appeal was, on the record, only perfected in Kopexa.

Consistent with this state of confusion, the Kopps have captioned their briefs and pleadings in this case as in the Williams' case. They have done the one thing required of them to perfect their appeal by timely filing a notice of appeal captioned, at least in part, in Williams. Fed. R. Bankr.P. 8001(a). That the notice was docketed by the clerk in the wrong case ought not to affect the substantive rights of the Kopps. *See Themy v. Yu (In re Themy),* 6 F.3d 688 (10th Cir.1993). Accordingly, the notice of appeal filed by the Kopps will be treated as if it had been docketed in Williams and not in Kopexa.

## DISCUSSION

■ The issue presented on appeal is whether the bankruptcy court abused its discretion in approving the settlement that was proposed by Ms. Williamson as the trustee of the Williams' bankruptcy estate. The decision of a bankruptcy court to approve a settlement must be "an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann,* 881 F.2d 890, 892 (10th Cir.1989). In considering the propriety of the settlement it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views. *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.),* 119 F.3d 349, 356 (5th Cir.1997); *American Employers' Ins. Co. v. King Resources Co.,* 556 F.2d 471 (10th Cir.1977); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 105 B.R. 971 (D.Colo.1989). The decision of the bankruptcy court approving a settlement "may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss,* 881 F.2d at 891–92.

■ The authority for a trustee to enter into settlements is to be found in Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. That Rule specifies that the bankruptcy court may, after notice and a hearing, approve a compromise. In the instant case, creditors objected to the proposed compromise, making the disposition of the resulting contested matter subject to the provisions of Fed. R. Bankr.P. 9014. That Rule incorporates, and makes applicable to contested matters, the provisions of Fed. R. Bankr.P. 7052, which, in turn, incorporates Rule 52 of the Federal Rules of Civil Procedure.

Rule 52 of the Federal Rules of Civil Procedure provides, in pertinent part:

(a) *Effect.* In all actions tried upon the facts without a jury ..., the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

■ The reason for, and the requirements of, the Rule have been articulated by the Tenth Circuit Court of Appeals in the case of *Featherstone v. Barash,* 345 F.2d 246, 249 (10th Cir.1965). There, as a guide to the trial court, it is stated:

Rule 52, Federal Rules of Civil Procedure, requires the trial court in actions tried upon the facts without a jury, or with an advisory jury, to find the facts specially. The purposes of this rule are to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court, to make definite what is decided in order to apply the doctrines of estoppel and res judicata to future cases, and to evoke care on the part of the trial judge in considering and adjudicating the facts in dispute. The sufficiency of findings must be measured by the requirements of the rules and in the light of these purposes.

Proper and adequate findings of fact are not only mandatory, but highly practical and salutory in the administration of justice. It has been pointed out that the trial court is a most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts. The Supreme Court recently underscored the responsibility of the court with respect to findings, and was critical of any indiscriminate dependence upon counsel in formulating them. Whatever difficulties there may be under various circumstances in the application of the "clearly erroneous" rule in support of the trial court's findings, these difficulties are immeasurably compounded by dubious findings. And when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court.

345 F.2d at 249 (footnotes omitted). It is not the function of the appellate court to read the transcript of the evidence in order to determine the essential facts before applying the law of the case. *Woods Constr. Co. v. Pool Constr. Co.,* 314 F.2d 405, 407 (10th Cir. 1963).

In the instant appeal, the threshold problem for this Court is the lack of any meaningful findings by the bankruptcy court. Here, the bankruptcy court heard the statements of the bankruptcy trustee and of the attorneys for the objecting creditors. No evidence was taken (although the attorney for the appellant disputed certain of the factual statements and suggested that an evidentiary hearing would be appropriate). Having heard these statements the court found:

The motion for approval of compromise and settlement is granted. The compromise and settlement is approved based upon the business judgment of Ms. Williamson who has stated for the record her reasons for coming to the conclusion that the compromise should be struck. (Tr. 31:72–32:5).

The findings and conclusions of the bankruptcy court fail to meet the requirements of Fed. R. Bankr.P. 7052 and the standards articulated in the *Featherstone* case. As a

result, the judgment of the court must be reversed and this matter remanded for further proceedings. *Featherstone,* 345 F.2d at 252.

In their briefs, and at oral argument, the parties focused on the question of whether the evidence presented to the bankruptcy court was sufficient to justify the approval of the compromise. In light of the lack of required findings it is not appropriate for this court to comment further concerning the evidence.

Under the circumstances it is appropriate that the order of the bankruptcy court approving the compromise and settlement be vacated and this matter be remanded to permit the taking of additional evidence, if offered, and for the court to make findings of fact and conclusions of law in conformity with Fed. R. Bankr.P. 7052, and to enter judgment accordingly. IT IS SO ORDERED.