**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: LOLA FAYE DENTON and
BEARCREEK WILDLIFE, INC.,

     Debtors,

------------------------------------

THELMA PATTERSON,

     Appellant,

v.

KENNETH L. SPEARS, Trustee,

     Appellee.

No. 01-6311

(D.C. No. 00-CV-1839-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thelma Patterson, the mother and an unsecured creditor of debtor Lola Faye Denton, appeals the district court's order affirming the bankruptcy court's approval of a compromise settlement between the bankruptcy estate and Washita State Bank. We exercise jurisdiction under 28 U.S.C. § 158(d) and affirm.

In reviewing a district court's decision affirming the decision of a bankruptcy court, we are governed by the same standards of review as those that govern the district court. In re Tanaka Bros. Farms, Inc., 36 F.3d 996, 998 (10th Cir. 1994) "A bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion." Reiss v. Hagmann, 881 F.2d 890, 891-92 (10th Cir. 1989). Patterson contends the bankruptcy court erred in determining the proposed compromise was fair and equitable and in the best interests of the creditors and the estate.

The bankruptcy court conducted an evidentiary hearing on the trustee's motion seeking approval of the compromise of claims of the bankruptcy estate against Washita State Bank. The bankruptcy court considered the factors set forth in Kopp v. All American Life Ins. Co., 213 B.R. 1020, 1022 (BAP 10th Cir. 1997) (probability of success in litigation; difficulties, if any, to be encountered in collection; complexity of litigation involved; and paramount interest of creditors). The court found the "proposed compromise is both fair and equitable under the circumstances of this case and is in the best interests of the estate." Order at 10. The district court also considered the four factors and affirmed the bankruptcy court's decision, stating:

2

The bankruptcy court made specific findings of fact and conclusions of law applying the appropriate factors and legal standards. Under the circumstances of this case, the Court finds the bankruptcy court's decision to approve the compromise was reasonable, based on a sufficient factual foundation, and thus did not amount to an abuse of discretion.

Order at 7.

We have carefully reviewed the record on appeal, as well as the appellate briefs, and conclude that the district court did not abuse its discretion in affirming the bankruptcy's court's order approving the compromise. We AFFIRM the district court for substantially the same reasons as stated in its order filed July 11, 2001.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge