# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 07-6001MN

———

| | | |
|---|---|---|
| In re: Y-Knot Construction, Inc., | * | |
| | * | |
| Debtor, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| David G. Velde, Trustee, | * | District of Minnesota |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| First International Bank & Trust, | * | |
| | * | |
| Objector-Appellant. | * | |
| | * | |

————————

Submitted: May 15, 2007
Filed: June 8, 2007

————————

Before FEDERMAN, VENTERS and McDONALD, Bankruptcy Judges.

———

McDONALD, Bankruptcy Judge

First International Bank & Trust appeals from the order of the bankruptcy court granting Trustee's motion to compromise a preference action against Stenerson Brothers Lumber Company. We reverse and remand for the following reasons.

I.

We are able to glean the following factual allegations underlying Trustee's motion to compromise from our review of the record on appeal. Y-Knot Construction ("Debtor") was in the business of constructing homes. Debtor owed Stenerson Brothers Lumber Co. ("Stenerson") $400,000.00 for goods that Stenerson had delivered to Debtor. On July 1, 2005, Debtor executed a promissory note in favor of Stenerson to memorialize the $400,000.00 debt (the "Promissory Note"). Debtor also executed deeds of trust on four properties that it owned to secure its obligations under the Promissory Note (collectively the "Mortgages"). Three of the properties were located in North Dakota and one was located in Minnesota.

Stenerson recorded the deeds of trust on the three North Dakota properties on July 1, 2005. Stenerson, however, did not record the deed of trust on the Minnesota property until July 22, 2005. Subsequent to recording the deeds of trust on the North Dakota properties, but before recording the lien on the Minnesota property, Stenerson provided Debtor with approximately $63,000.00 worth of materials. Debtor's obligation to pay for the $63,000.00 worth of materials was secured by a future advances clause in the Mortgages.[1]

Debtor filed its petition for relief under Chapter 7 of the Code on September 15, 2005. David G. Velde, the Chapter 7 Trustee ("Trustee"), initiated an adversary proceeding against Stenerson seeking to avoid the Mortgages as preferential transfers under 11 U.S.C. §547(b) (the "Preference Action").

---

[1] We note, however, that because Stenerson failed to record its deed of trust on the Minnesota property before it provided the additional materials to Debtor, it appears that its lien on the Minnesota property was not perfected with respect to the $63,000.00.

Stenerson does not dispute that its recording of the Mortgages constitute preferential transfers under §547(b). Stenerson, however, contends that Trustee cannot avoid the Mortgages under the subsequent new value defense contained in §547(c)(4) to the extent that Stenerson provided $63,000.00 worth of materials to Debtor subsequent to Stenerson recording its liens on the North Dakota properties.

Sometime after filing the Preference Action, Trustee sold the Minnesota property for $92,000.00. Trustee, pursuant to an agreement with Stenerson, placed the $92,000.00 in escrow pending the outcome of the Preference Action.

Trustee and Stenerson eventually reached a settlement of the Preference Action. Trustee agreed to provide Stenerson with $40,000.00 from the sale of the Minnesota property in exchange for Stenerson either releasing or transferring the Mortgages to the estate (the "Settlement Agreement"). Trustee then filed a motion with the bankruptcy court to approve the Settlement Agreement under Fed. R. Bankr. R. 9019.

First International Bank & Trust ("FIB"), a creditor who holds both a secured and unsecured claim against Debtor's estate, filed an objection to Trustee's motion to compromise. After FIB filed its objection, the bankruptcy court set the matter for an evidentiary hearing and sent notice of the hearing to all interested parties.

At the hearing before the bankruptcy court, the attorneys simply presented their arguments and answered the bankruptcy court's questions. Trustee did not attempt to introduce any testimony or documents into evidence at the evidentiary hearing. Also, FIB's attorney stated that FIB had a witness at the evidentiary hearing who could testify as to the details of documents relating to Stenerson's new value defense. The bankruptcy court, however, made its ruling without allowing FIB's proposed witness to testify.

After extensive questioning by the bankruptcy court, Trustee's attorney stated that Debtor's estate would realize $26,000 in equity with respect to the liens on the North Dakota property and $52,000.00 from the Minnesota property after paying Stenerson $40,000.00 of the sale proceeds. Trustee's attorney, therefore, asserted that Debtor's estate would realize $78,000.00 from the Settlement Agreement net of the $40,000.00 payment to Stenerson.

Trustee's attorney, however, also disclosed that the $26,000.00 in equity relating to the North Dakota properties was contingent on Trustee prevailing in a preference action to avoid FIB's senior lien on one of the North Dakota properties. That litigation is pending in United States District Court for Minnesota because FIB demanded and was entitled to a jury trial.

After listening to the attorneys' arguments, the bankruptcy court ruled that Trustee had established that the Settlement Agreement fell within the range of reasonableness and approved the Settlement Agreement. In its order, the bankruptcy court did give FIB the option to purchase the Preference Action from Trustee for $78,000.00. FIB elected not to purchase the Preference Action and instead filed a timely notice of appeal.

II.

We review the bankruptcy court's order approving Trustee's motion to compromise for an abuse of discretion. *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997). An abuse of discretion occurs when the trial court bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence. *PW Enter., Inc. v. Kaler (In re Racing Serv. Inc.)*, 332 B.R. 581, 584 (B.A.P. 8th Cir. 2005).

## III.

Trustee, as the party seeking the approval of the Settlement Agreement, has the burden of showing by a preponderance of the evidence that the proposed settlement is in the best interest of the estate. *TCF Banking & Sav. v. Leonard (In re Erickson)*, 82 B.R. 97, 99 (D. Minn. 1988). The trustee, however, does not need to establish that the proposed settlement is the best possible outcome, but only that it does not fall below the lowest point in the range of reasonableness. *Cox*, 212 B.R. at 319.

In assessing whether the proposed settlement fits within the range of reasonableness, the bankruptcy court must consider the evidence in light of the following four factors: (1) the probability of success in the litigation; (2) the difficulties, if any, the trustee may encounter in collecting on a judgment ; (3) the complexity of the litigation and the attendant expense, inconvenience, and delay; and (4) the paramount interest of the creditors and a proper deference to their reasonable views concerning the litigation. *Drexel, Burnham, Lambert, Inc. v. Flight Transp. Corp (In re Flight Transp. Corp.)*, 730 F.2d 1128, 1135 (8th Cir. 1984). A court abuses its discretion in approving a proposed settlement without making findings of facts and conclusions of law that address these four factors based on evidence adduced by the parties. *Racing Serv., Inc.*, 332 B.R. at 586.

Here, the bankruptcy court simply recited in its order granting the motion to compromise that the "Trustee's proposed settlement dated December 4, 2006 is approved." The bankruptcy court did not make findings of facts and conclusions of law that address the *Flight Transportation* factors. Additionally, the parties failed to offer either testimony or documentary evidence at the hearing. The parties, therefore, did not adduce evidence from which the bankruptcy court could determine the reasonableness of the Settlement Agreement in light of the *Flight Transportation* factors. Given this record, we find that the bankruptcy court abused its discretion in approving the Settlement Agreement.

## IV.

The order of the bankruptcy court granting Trustee's motion to compromise and approving the Settlement Agreement is reversed and the case is remanded for further proceedings consistent with this opinion.

———————————