IN RE CALVIN APPLEBERRY, formerly doing business as More Than Digital, Debtor.
GLYNN DAVID HARRIS and TONI HARRIS, Chapter 7, Appellants,
v.
CALVIN APPLEBERRY, Appellee.
BAP No. NM-07-113,
Bankr. No. 05-51063-s7
United States Bankruptcy Appellate Panel, Tenth Circuit.
September 11, 2008.
Before MICHAEL, BROWN, and McNIFF[1], Bankruptcy Judges.

OPINION[*]
MICHAEL, Bankruptcy Judge.
Creditors Glynn and Toni Harris appeal the bankruptcy court's orders denying their motions for stay relief and to alter or amend the order denying stay relief. After reviewing the record and applicable law, we conclude that the orders must be reversed and the matter remanded to the bankruptcy court to make specific findings of facts and conclusions of law.

I. FACTUAL BACKGROUND
This appeal arises out of a failed partnership formed to operate a recording studio and multimedia facility. On August 19, 2004, Glynn and Toni Harris (the "Harrises") sued debtor Calvin Appleberry ("Appleberry") in New Mexico state court. The Harrises' claims against Appleberry included breach of contract, wages and compensation due, wrongful partnership dissolution, interference with contractual relations, defamation, and malicious abuse of process.[2] Appleberry was unresponsive to the Harrises' discovery requests, and failed to heed the state court's warnings regarding compliance. As a result of Appleberry's recalcitrance, the Harrises' attorneys spent more than 150 hours over a fourteen-month period without making significant progress in the case.[3] On November 21, 2005, based on his willful refusal to follow the New Mexico Rules of Civil Procedure and to participate in good faith in discovery, the state court granted default judgment against Appleberry (the "Default Order") with respect to liability on the Harrises' claims.[4] The state court then commenced a hearing on damages, with a final evidentiary hearing on the issue scheduled for December 9, 2005. Appleberry filed his voluntary Chapter 7 bankruptcy the afternoon of December 8, 2005.
A review of Appleberry's bankruptcy petition and schedules indicates he had the following debts: two secured claims, both secured by real property; and five nonpriority unsecured claims, four of which were credit card debt.[5] The bankruptcy estate had assets sufficient to satisfy the secured claims and the total credit card debt of about $6,500.[6] The sole remaining creditors are the Harrises. Appleberry listed their claim on Schedule F as unliquidated and disputed in the amount of $2,500,000.[7]
On April 19, 2006, the Harrises filed their proof of claim with the bankruptcy court in the amount of $1,984,852.13 (the "Claim").[8] The grounds for the Claim were the same as those underlying the Default Order.[9] The Harrises next filed an adversary proceeding complaint to have Appleberry's liability to them deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6),[10] and followed it with a motion for summary judgment.[11] They argued that based on the Default Order, Appleberry was collaterally estopped from contesting the factual allegations underlying the Claim, and they were therefore entitled to summary judgment on the issue of non-dischargeability.[12] On September 1, 2006, the bankruptcy court denied the Harrises' motion for summary judgment, finding that under New Mexico law, default judgments do not have collateral estoppel effect in future litigation.[13] The adversary proceeding was subsequently voluntarily dismissed by order dated January 25, 2007.[14]
On March 21, 2007, eleven months after the Harrises filed their Claim, and four months after he obtained discharge,[15] Appleberry filed an objection to the Claim.[16] On May 11, 2007, the Harrises moved to strike Appleberry's objection to their Claim based on lack of standing.[17] The motion to strike was denied by the bankruptcy court by order entered June 29, 2007.[18]
The Harrises then filed a motion for relief from the stay imposed by § 362(a) (the "Motion for Stay Relief") asking the bankruptcy court to lift the stay to permit their pending state court lawsuit against Appleberry to go forward.[19] Since liability had been established and the state court had already begun its evidentiary hearing on damages, the Harrises alleged that lifting the stay served the interests of judicial economy as well as the economy of litigation for the parties, and that Appleberry would not suffer any adverse impact as a result.[20] The Harrises also argued that cause existed for lifting the stay due to Appleberry's lack of good faith in filing bankruptcy.[21]
At the July 30, 2007, hearing on the Motion for Stay Relief, the bankruptcy court, apparently sua sponte, determined that because the doctrine of collateral estoppel did not apply, the issue of Appleberry's liability to the Harrises must be relitigated in its entirety.[22] As a result, the bankruptcy court concluded, "if we're going to have to do the issue of liability, then we might as well do the damages issue, as well."[23] The transcript contains some dialogue regarding the length of the proceedings in state court and Appleberry's unresponsiveness to discovery requests.[24] However, the bankruptcy court never directly addressed the Harrises' argument that cause existed to lift the stay.[25] There was no discussion of the case law developed factors for determining whether a pending lawsuit should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised.[26]
On September 14, 2007, the bankruptcy court entered a brief order denying the Harrises' Motion for Stay Relief, stating only that "[t]he Court finds that good cause exists not to modify the automatic stay imposed by 11 U.S.C. § 362 because the claim litigation should be determined by this Court."[27] No specific findings of fact or conclusions of law were made by the bankruptcy court either in the order or on the record.[28]
Pursuant to Federal Rule of Civil Procedure 59, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, the Harrises timely filed a motion to alter or amend the order denying stay relief ("Motion to Alter or Amend").[29] In their Motion to Alter or Amend, the Harrises essentially attacked the bankruptcy court's determination that since collateral estoppel was inapplicable to the Default Order, Appleberry's liability must be relitigated. The Harrises argued that based on the doctrine of res judicata and the Rooker-Feldman doctrine, the Default Order was determinative of Appleberry's liability. A hearing was held on the Motion to Alter or Amend on November 19, 2007.[30] The bankruptcy court entered an order denying the Motion to Alter or Amend on November 29, 2007.[31] Again, the bankruptcy court made no specific findings of fact or conclusions of law either in the order or on the record.[32] The Harrises now timely appeal the bankruptcy court's orders denying their Motion for Stay Relief and their Motion to Alter or Amend.[33]

II. APPELLATE JURISDICTION
This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[34] Neither party elected to have this appeal heard by the United States District Court for the District of New Mexico. The parties have therefore consented to appellate review by this Court.
A decision is considered final "if it `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[35] In this case, the bankruptcy court denied the Harrises' Motion for Stay Relief and their Motion to Alter or Amend. An order denying stay relief is a final order for purposes of review.[36]

III. STANDARD OF REVIEW
A relief from stay for cause is a discretionary determination made by the bankruptcy court on a case by case basis.[37] An appellate court reviews a lower court's decision regarding stay relief under an abuse of discretion standard.[38] Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[39]

IV. ANALYSIS
On appeal, the Harrises' arguments are all premised on their assertion that the bankruptcy court committed legal error when it determined that because the doctrine of collateral estoppel did not apply, Appleberry's liability had to be relitigated in the bankruptcy court. First, the Harrises argue that res judicata and not collateral estoppel is the appropriate doctrine of former adjudication to apply to the Default Order, and that it prevents relitigation of Appleberry's liability in bankruptcy court. Second, they argue that the Rooker-Feldman doctrine also prevents the relitigation of Appleberry's liability. And third, the Harrises argue that because the bankruptcy court was focused on the effect of the doctrines of former adjudication, it did not give proper consideration to lifting the stay for cause.
Based on our review of the transcripts, we agree with the Harrises that the bankruptcy court was focused on the doctrine of collateral estoppel.[40] However, in its order denying stay relief, the bankruptcy court stated without explanation that "good cause exists not to modify the automatic stay imposed by 11 U.S.C. § 362 because the claim litigation should be determined by this Court."[41] Therefore, our task on appeal is to determine whether the bankruptcy court abused its discretion in making that determination. Because the bankruptcy court neglected to make specific findings of fact and conclusions of law, effective appellate review of the decision to deny relief from the automatic stay is rendered impossible.

A. Lack of Sufficient Findings of Fact and Conclusions of Law
The procedural requirement that a court make specific findings of fact and conclusions of law is applicable to motions for relief from the automatic stay. Federal Rule of Civil Procedure 52 ("Rule 52") provides that in actions tried upon the facts without a jury or with an advisory jury, a trial court must "find the facts specially and state separately its conclusions of law thereon[.]"[42] Federal Rule of Bankruptcy Procedure 7052 makes Rule 52 applicable in adversary proceedings. Pursuant to Federal Rule of Bankruptcy Procedure 9014, Federal Rule of Bankruptcy Procedure 7052 is also applicable in contested matters. Federal Rule of Bankruptcy Procedure 4001(a)(1) provides that a motion for relief from stay is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014.
The Tenth Circuit Court of Appeals expressed the rationale underlying Rule 52 as follows:
The purposes of this rule are to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court, to make definite what is decided in order to apply the doctrines of estoppel and res judicata to future cases, and to evoke care on the part of the trial judge in considering and adjudicating the facts in dispute.[43]
Due to the bankruptcy court's failure to issue findings of fact and conclusions of law, we do not have a clear understanding of the legal or factual basis of its decision to deny stay relief.[44] As pointed out by a learned treatise, "[i]f the obligation of the trial court under Rule 52(a) is not complied with, such as a failure to make findings or the making of incomplete or conclusory findings on material issues, an appellate court will normally remand and vacate the judgment in order for appropriate findings to be made."[45]
The United States Court of Appeals for the Second Circuit (the "Second Circuit") reached the same conclusion in In re Mazzeo,[46] a case similar to the instant appeal. In Mazzeo, the claimants moved for stay relief to pursue their securities law claims against a Chapter 7 debtor, which were pending in federal district court. The bankruptcy court granted relief for the limited purpose of permitting determination of the validity and amount of those claims. On appeal, the district court affirmed, but the Second Circuit vacated and remanded the bankruptcy court's stay relief order. The Second Circuit explained that findings and conclusions need not include excessive detail, but they must "at least be sufficient to permit meaningful appellate review; and where such findings and conclusions are lacking, we may vacate and remand."[47]
In In re Kopexa Realty Venture Co., a case involving approval of a compromise, this Court reversed and remanded a bankruptcy court's order for insufficient findings of fact and conclusions of law.[48] Like the stay relief order presented on appeal, approval of compromise cases involves the bankruptcy court's consideration of a number of factors which are factually dependent, and the appellate standard of review is abuse of discretion.[49] In Kopexa, the bankruptcy court approved a compromise of claims between two bankruptcy estates, stating very briefly that approval was based upon the trustee's business judgment.[50] We held that when the findings and conclusions of the bankruptcy court fail to meet the requirements of Federal Rule of Bankruptcy Procedure 7052, the matter must be reversed and remanded for further proceedings.[51]
We find further support for our decision in the more recent case of Velde v. First International Bank & Trust (In re Y-Knot Construction, Inc.).[52] In Velde, the Bankruptcy Appellate Panel of the Eighth Circuit held that "[a bankruptcy] court abuses its discretion in approving a proposed settlement without making findings of facts and conclusions of law that address [certain] factors based on evidence adduced by the parties."[53] Once again, the case was remanded to the bankruptcy court with instructions to render detailed findings of fact and conclusion of law.
Remanding this matter to the bankruptcy court for findings of facts and conclusions of law is the only tenable solution.[54] We note that in light of our conclusion, it is unnecessary to address the Harrises' arguments on appeal regarding the doctrine of res judicata and the Rooker-Feldman doctrine. The Harrises made these legal arguments in their Motion to Alter or Amend, but again, the arguments were not specifically addressed by the bankruptcy court either on the record or in its order denying the motion. These legal issues are factors the bankruptcy court may consider in determining whether cause exists to lift the automatic stay, along with many others that have been developed by case law.[55] But, establishing the preclusive effect of the state court's Default Order does not in and of itself answer the ultimate question of whether, pursuant to § 362(d)(1), cause exists for granting stay relief.

B. Appleberry's Motion to Dismiss
Together with his response brief, Appleberry filed a motion to dismiss this appeal as untimely (the "Motion to Dismiss"). In the Motion to Dismiss, Appleberry asserts that the Harrises "are raising the same question of error in the present appeal that was previously decided by the Bankruptcy Court in its Memorandum Opinion entered on September 1, 2006."[56] Appleberry takes the position that because the Harrises did not appeal the order denying summary judgment they are somehow prevented from appealing the bankruptcy court's order denying their Motion for Stay Relief. We are not persuaded.
First, adversary proceedings are conceptually and procedurally distinct from core matters, and for purposes of appellate jurisdiction, adversary proceedings are treated as if they were separate suits.[57] The bankruptcy court's denial of summary judgment in the non-dischargeability adversary proceeding (which was subsequently voluntarily dismissed) had no impact on the appealability of any future orders entered by the bankruptcy court with respect to Appleberry's objection to the Claim or the Motion for Stay Relief. Moreover, the order denying the Harrises' motion for summary judgment was not a final order.[58] It did not end the adversary proceeding or operate as an adjudication on the merits of any of the claims contained therein. Even had they so desired, the Harrises could not as a matter of right have appealed the bankruptcy court's order of September 1, 2006.[59] The suggestion that the Harrises cannot appeal an order denying a motion for relief because they failed to appeal a non-appealable order in a separate adversary proceeding makes little sense.
The issues involved in claim allowance differ from the issues raised when dischargeability of that claim is disputed. The fact that the bankruptcy court may have concluded that the Default Order did not compel a determination of non-dischargeability does not equate to a finding that the Default Order does not establish liability for claim allowance purposes.[60] Appleberry's Motion to Dismiss is without merit and is therefore denied.

V. CONCLUSION
A bankruptcy court is granted wide latitude in deciding whether to lift the automatic stay, and we review that decision under the deferential abuse of discretion standard. But, without sufficient findings of facts and conclusions of law, we are prevented from conducting a meaningful appellate review to determine whether the bankruptcy court in fact abused its discretion. Therefore, the bankruptcy court's orders denying the Harrises' Motion for Stay Relief and Motion to Alter or Amend are reversed, and the matter is remanded for further proceedings consistent with this opinion. We express no view as to the merits of the Motion for Stay Relief.[61]
NOTES
[1] Honorable Peter J. McNiff, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Wyoming, sitting by designation.
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[2] See Plaintiff's Complaint, in Appellants' App. at 70.
[3] See Exhibit 3 to Affidavit of Toni M. Harris attached to Proof of Claim, in Appellants' App. at 122.
[4] Order of Default, in Appellants' App. at 135.
[5] See Voluntary Chapter 7 Petition, in Appellants' App. at 20.
[6] See id., in Appellants' App. at 23.
[7] Schedule F, in Appellants' App. at 32.
[8] Proof of Claim, in Appellants' App. at 56.
[9] See Plaintiff's Complaint attached as Exhibit 1 to Proof of Claim, in Appellants' App. at 70.
[10] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.
[11] See Motion and Consolidated Brief for Summary Judgment on Non-Dischargeability of Debt at 2, in Appellee's Supp. App. at 7.
[12] Id.
[13] Memorandum Opinion and Order Denying Plaintiffs' Motion for Summary Judgment on Non-Dischargeability of Debt, in Appellants' App. at 218. The bankruptcy court's order denying summary judgment is not at issue in this or any other pending appeal.
[14] Order Dismissing Adversary Proceeding, in Appellants' App. at 224. The reasons for dismissal are not a part of the record herein.
[15] Discharge of Debtor dated November 7, 2006, in Appellant's App. at 222.
[16] See Docket No. 50, in Appellants' App. at 12. The actual objection is not part of the record on appeal.
[17] Creditors Glynn David Harris and Tomi [sic] M. Harris' Motion to Strike the Debtor's Objection to Proof of Claim (#3), in Appellant's App. at 129.
[18] Order on Creditors Glynn David Harris and Toni M. Harris' Motion to Strike, in Appellants' App. at 226.
[19] Creditors Glynn David Harris and Toni M. Harris' Amended Motion for Relief from Stay, in Appellants' App. at 228. The relief requested in the motion specifically excluded the ability to execute on the judgment. The Harrises merel wanted to have the state court determine the exact amount of their claim.
[20] Id. at 230-31. See also Creditors Glynn David Harris and Toni M. Harris' Brief in Support of Motion for Relief from Stay at 5-8, in Appellants' App. at 236, 240-43. In their pleadings, the Harrises cited to and discussed various factors that have been considered by several bankruptcy courts in balancing the equities in order to determine whether cause exists for granting relief from the automatic stay when there is pending litigation in another forum. See In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); In re Busch, 294 B.R. 137, 141 (10th Cir. BAP 2003).
[21] Creditors Glynn David Harris and Toni M. Harris' Amended Motion for Relief from Stay, in Appellants' App. at 232.
[22] Appellants' Br. at 6-7. See also Transcript of Proceedings Held on July 30, 2007, at 3, ll. 7-10, in Appellants' App. at 299.
[23] Transcript of Proceedings Held on July 30, 2007, at 3, ll. 11-13, in Appellants' App. at 299.
[24] See id. at 7-13, in Appellants' App. at 300-01.
[25] See id.
[26] See id.
[27] Order Denying Motion to Modify Automatic Stay, in Appellants' App. at 271.
[28] Pursuant to Fed. R. Bankr. P. 9014, Fed. R. Bankr. P. 7052 is applicable in contested matters. Pursuant to Fed. R. Bankr. P. 4001(a)(1), a motion for relief from stay is governed by Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 7052 incorporates Fed. R. Civ. P. 52, which requires the trial court to make findings of fact and conclusions of law.
[29] Motion to Alter or Amend Order Denying Motion for Relief from Stay, in Appellants' App. at 272.
[30] See Transcript of Proceedings Held on November 19, 2007, in Appellants' App. at 305.
[31] Order Denying Motion for Reconsideration, in Appellants' App. at 292.
[32] In its order, the bankruptcy court recited the procedural steps leading to the order, stated that it had reviewed the briefs and heard oral argument, and concluded that the Motion to Alter or Amend "is not well taken and will therefore be denied." Id.
[33] Also pending before this panel is Appellee Calvin Appleberry's Motion to Dismiss Appeal as Untimely ("Motion to Dismiss"). As discussed infra at 12-13, Appleberry's Motion to Dismiss has no merit and is therefore denied.
[34] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-1.
[35] Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
[36] In re Utah Aircraft Alliance, 342 B.R. 327, 331 (10th Cir. BAP 2006).
[37] In re Busch, 294 B.R. 137, 140 (10th Cir. BAP 2003) (citing Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987)).
[38] Franklin Sav. Assoc. v. Office of Thrift Supervision, 31 F.3d 1020, 1023 (10th Cir. 1994).
[39] Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991)).
[40] It is unclear to this Court precisely why the bankruptcy court raised the issue of collateral estoppel and then made its decision on that basis without proceeding with an equities balancing analysis regarding whether cause existed for lifting the stay.
[41] Order Denying Motion to Modify Automatic Stay, in Appellants' App. at 271.
[42] Fed. R. Civ. P. 52(a).
[43] Featherstone v. Barash, 345 F.2d 246, 249 (10th Cir. 1965).
[44] Again, the bankruptcy court made no findings or conclusions on the record, and its order stated without explanation that "good cause exists not to modify the automatic stay imposed by 11 U.S.C. § 362 because the claim litigation should be determined by this Court." See Transcript of Proceedings Held on July 30, 2007, at 5-6, in Appellants' App. at 299-300; Order Denying Motion to Modify Automatic Stay, in Appellants' App. at 271.
[45] 10 Collier on Bankruptcy ¶ 7052.02[6] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).
[46] In re Mazzeo, 167 F.3d 139 (2d Cir. 1999).
[47] Id. at 142.
[48] In re Kopexa Realty Venture Co., 213 B.R. 1020 (10th Cir. BAP 1997).
[49] See Reiss v. Hagmann, 881 F.2d 890, 891-92 (10th Cir. 1989).
[50] Kopexa, 213 B.R. at 1023.
[51] Id. at 1023-24.
[52] Velde v. First Int'l Bank & Trust (In re Y-Knot Constr., Inc.), 369 B.R. 405 (8th Cir. BAP 2007).
[53] Id. at 408 (emphasis added).
[54] See Woods Constr. Co. v. Pool Constr. Co., 314 F.2d 405, 407 (10th Cir. 1963) ("It is not the function of an appellate court to read the transcript of the evidence for the purpose of determining the essential facts before applying the law of the case.").
[55] See, e.g., In re Busch, 294 B.R. 137 (10th Cir. BAP 2003); In re JE Livestock, 375 B.R. 892 (10th Cir. BAP 2007).
[56] Appellee Calvin Appleberry's Motion to Dismiss Appeal as Untimely, filed March 17, 2008, at ¶ 5.
[57] In re Teknek, LLC, 512 F.3d 342, 345 (7th Cir. 2007).
[58] Haberman v. Hartford Ins. Group, 443 F.3d 1257, 1264 (10th Cir. 2006). There is, however, an exception for summary judgment denials regarding qualified immunity which is not applicable here. See Weise v. Casper, 507 F.3d 1260, 1269 (10th Cir. 2007).
[59] The same analysis would be applicable even if the order entered in the adversary proceeding were final and appealable as of right. A creditor who does not appeal an adverse determination of the dischargeability of a claim in a separate adversary proceeding is not thereby prevented from filing the claim in the debtor's bankruptcy case.
[60] Let us illustrate this point with an example. Assume a plaintiff brings a state court action sounding in both dischargeable contract and non-dischargeable fraud. Next assume the state court enters a monetary judgment in favor of the plaintiff, without specifying whether the defendant is liable under a contract or fraud theory. Finally, assume the defendant files a bankruptcy case, and the plaintiff files a claim in an amount equal to the amount of the judgment. While it can be argued that the state court judgment is insufficient to support a finding that the defendant committed fraud, it may well be a sufficient basis for the bankruptcy court to find plaintiff has an allowable claim, without regard to whether the claim is dischargeable.
[61] During oral argument of this appeal, the Court sua sponte raised the issue of the bankruptcy court's jurisdiction over any part of the Harrises' claim which may have resulted from a personal injury tort. See 28 U.S.C. § 157(b)(5). We expressly decline to reach this issue on the record before us.