# United States Court of Appeals
## For the First Circuit

No. 13-2295

PAUL P. MOUSHIGIAN,

Plaintiff, Appellant,

v.

JOHN R. MARDEROSIAN, and ELIZABETH A. MARDEROSIAN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Howard and Kayatta, Circuit Judges,
McCafferty,* District Judge.

Bruce H. Matson, with whom Paul G. Boylan and LeClairRyan, P.C., were on brief, for appellants.
Henry C. Ellis, for appellees.

September 3, 2014

---

* Of the District of New Hampshire, sitting by designation.

**McCAFFERTY, District Judge**.  Appellant Paul Moushigian was a creditor of the Appellees, who were Chapter 7 debtors, until the bankruptcy court granted them a discharge.  Moushigian now challenges two orders issued by the bankruptcy court after it granted the discharge.  Our review is plenary, "without formal deference to the district court's intermediate affirmance." Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo Constr. Corp.), 678 F.3d 115, 120 (1st Cir. 2012).  We approach the bankruptcy court's rulings of law de novo, see id., "but its factual findings are examined only for clear error," id. at 120-21.  We affirm.

## I. Background

Neither party disputes the recitation of the factual background in the district court's memorandum and order, Moushigian v. Marderosian, No. 13-10137-FDS, 2013 WL 5564189 (D. Mass. Oct. 7, 2013).  Accordingly, we will base our description of the facts largely on that order.

Moushigian sued the Marderosians in state court in Massachusetts.  He asserted claims for, among other things, embezzlement and fraud.  Approximately seventeen months later, the Marderosians filed for bankruptcy.  The state court stayed Moushigian's action.

In the bankruptcy court, on July 25, 2012, Moushigian filed a pleading titled: "Motion By Creditor for Relief from Stay

-2-

and Related Relief" ("motion for relief from stay").  In it, he sought three forms of relief: (1) a declaration from the bankruptcy court "that [his] continued prosecution of [his] claim in the Barnstable civil action [is] deemed sufficient to satisfy the deadline established herein for commencement of an adversary proceeding [pursuant to 11 U.S.C. § 523(a)] for challenge to dischargeability of any debt so established" (for simplicity's sake, we will refer to this form of relief as "deeming relief"); (2) relief from the automatic stay; and (3) a ten-day extension of the August 6, 2012, deadline for filing a § 523(a) complaint, in the event the bankruptcy court denied his request for relief from the stay.  This motion was unopposed.

On August 2, 2012, Moushigian filed another pleading in the bankruptcy court titled "Request for Expedited Determination and Related Relief" ("motion to expedite").  In it, he asked the bankruptcy court for an expedited ruling on his motion for relief from stay and also asked that the deadline for filing a § 523(a) complaint be set at ten days "from the grant or denial of this request."

The bankruptcy court denied the motion to expedite on the day it was filed, but added this to its order:

> To the extent that Creditor Moushigian seeks an extension of the deadline in which to file a complaint objecting to the Debtor's discharge or the dischargeability of certain debts, it is extended to September 27, 2012.

> Any further request to extend that deadline shall be made by a separate motion filed prior to the expiration of the deadline.[1]

On August 21, the bankruptcy court ruled on Moushigian's motion for relief from stay in the following four-word margin order: "Relief from stay granted." Id. Hereafter, we will refer to the August 21 order as "the four-word order." Moushigian let the September 27 deadline pass without filing either a motion to extend it or a § 523(a) complaint. On December 5, the bankruptcy court granted the Marderosians a discharge.

Notwithstanding the discharge, Moushigian continued to prosecute his action against the Marderosians in the state court. The Marderosians, believing that their discharge effectively ended Moushigian's state-court action, challenged his continued prosecution of it. On December 17, Moushigian returned to the bankruptcy court and filed a pleading titled "Motion to Affirm Order Granting Relief of Stay" ("motion to affirm"). In it, Moushigian asked the bankruptcy court to rule that the discharge it granted the Marderosians had no effect on his right to pursue his claims against them in state court, pursuant to the relief he was granted in the four-word order. On December 19, the bankruptcy court ruled as follows:

---

[1] The bankruptcy court's extension to September 27 was entirely consistent with Moushigian's representation, in his motion for relief from stay, that his state-court action would be ready for trial within two months if the bankruptcy court were to grant him relief from the stay.

-4-

> Granted in part. On August 21, 2012, the Court granted relief from stay for [the] purpose of continuing a civil action pending in the Barnstable Superior Court which the movant contended would form the basis of a nondischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2) and/or (a)(4). That order did not grant any other relief.
>
> To the extent that the movant proposed to later return to this Court for a determination of the dischargeability of any judgment obtained in the Barnstable Superior Court action, the Court had previously construed this as a request for an extension of the deadline to file complaints objecting to the Debtors' discharge or the dischargeability of certain debts, and, on August 2, 2012, entered an order granting a limited extension of the deadline to September 27, 2012. The order expressly stated that "[a]ny further request to extend that deadline shall be made by a separate motion filed prior to the expiration of the deadline." The movant failed to file a timely [request for an] extension and the deadline expired. See Fed. R. Bankr. P. 4004(b)(1). No timely objections having been filed, the Debtors received a discharge on December 5, 2012.

Moushigian moved the bankruptcy court to reconsider its order on his motion to affirm, invoking that court's equity powers, as codified at 11 U.S.C. § 105(a). The bankruptcy court denied Moushigian's motion to reconsider.

## II. Discussion

Having described what actually happened in the bankruptcy court, we begin our discussion by outlining three readily available actions that Moushigian could have taken to achieve his goal of continuing to pursue his state-law claims for fraud and

embezzlement while protecting his § 523(a) claim in the bankruptcy court. Moushigian's first option, to which he was alerted by the bankruptcy court's order on his motion to expedite, was to move for an additional extension of the deadline for filing a § 523(a) complaint when it became evident that his state-court action would not be resolved before September 27. As a second option, Moushigian could have filed a § 523(a) complaint in the bankruptcy court before the September 27 deadline, along with a motion asking the bankruptcy court to abstain from hearing that proceeding until after his state-court action reached its conclusion. See 28 U.S.C. § 1334(c) (describing circumstances under which bankruptcy courts may abstain from hearing certain proceedings).[2] Finally, Moushigian could have removed his state-court action to the bankruptcy court, see 28 U.S.C. §§ 1334(b) and 1452(a), and asked the bankruptcy court to resolve his state claims first and then use the resolution of those claims as a basis for ruling on his § 523(a) complaint. Rather than following any of those three paths, Moushigian asked the bankruptcy court for what we are calling "deeming relief."

Based upon his understanding that the bankruptcy court's four-word order, "[r]elief from stay granted," either granted him

---

[2] This appears to be the path followed by the creditor in In re Saunders, 103 B.R. 298, 299 (Bankr. N.D. Fla. 1989), which is the only case Moushigian cites as support for his argument that the district court committed a legal error by denying his motion to affirm.

the "deeming relief" he sought, or was so ambiguous that it reasonably misled him into believing that the court had awarded him "deeming relief," Moushigian now challenges the district court's affirmance of the bankruptcy court's order on his motion to affirm and its affirmance of the bankruptcy court's denial of his motion for reconsideration. Moushigian makes arguments based on construing the four-word order and the equity provisions of the bankruptcy code.[3] We address each in turn.

A.    Construing the Four-Word Order

Moushigian's primary argument is that the bankruptcy court granted him "deeming relief" in the four-word order, and then took that relief away in the orders he challenges here. The four-word order, however, did not grant Moushigian's request for "deeming relief."

If the four-word order had said "motion granted," rather than "[r]elief from stay granted," then we would be more persuaded by Moushigian's theory that the order on his motion to affirm took back "deeming relief" that had previously been granted to him in the four-word order. Rather than understanding the phrase "[r]elief from stay granted" to mean only what it says, Moushigian

---

[3] There is a vague suggestion in Moushigian's brief that his right to due process was violated when the bankruptcy court denied his motion to affirm without conducting a hearing. We note that Moushigian's motion did not include a request for a hearing but, regardless, any due-process argument Moushigian may be making is so undeveloped that it is waived. See United States v. Caparotta, 676 F.3d 213, 218 (1st Cir. 2012).

reads that order as granting relief not identified in its words. Moushigian's construction of the four-word order is not tenable. The bankruptcy court did not err, in its order on Moushigian's motion to affirm, by ruling that its four-word order had not granted Moushigian the "deeming relief" he requested in his motion for relief from stay.[4]

Moushigian next argues, in the alternative, that the four-word order was ambiguous because it did not expressly address his request for "deeming relief." If, indeed, the four-word order were as ambiguous as Moushigian now claims it to be, he could have asked for clarification when it was issued, but he did not. That said, in Moushigian's view, the ambiguity in the four-word order resulted from the bankruptcy court's failure to make the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure. Moushigian is mistaken.

In the principal opinion upon which Moushigian relies, the Second Circuit explained that "[u]nder the rules governing proceedings in the bankruptcy courts, Rule 52(a) of the Federal Rules of Civil Procedure applies to the resolution of a dispute over a request for relief from the automatic stay." Mazzeo v.

---

[4] It is also worth noting that "[u]nlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding." Fed. R. Bankr. P. 7001 advisory committee's note (1983). That is yet another reason why the four-word order cannot be construed as granting Moushigian the "deeming relief" he requested.

Lenhart (<u>In re Mazzeo</u>), 167 F.3d 139, 142 (2d Cir. 1999) (citations omitted).  The instant case, however, involved no dispute over a request for relief from the automatic stay; Moushigian's motion for relief from stay was unopposed and granted.  Thus, the ruling that Moushigian now challenges is not a ruling on a request for relief from a stay but, rather, the ruling on his request for "deeming relief."  Nothing in <u>Mazzeo</u> suggests that a ruling on such a purely straightforward procedural issue must be accompanied by findings of fact and conclusions of law under Rule 52(a).  The rule on its face only applies to judgments entered in actions tried to the court and rulings granting or refusing interlocutory injunctions (which <u>Mazzeo</u> quite understandably regards a ruling refusing to set aside the automatic stay to be).[5]

B.      <u>Moushigian's Equity Argument</u>

In his motion for reconsideration of the bankruptcy court's order denying his motion to affirm, Moushigian asked for the following relief:

---

[5] Moushigian also relies on the unpublished opinion in <u>Harris</u> v. <u>Appleberry</u> (<u>In re Appleberry</u>), 397 B.R. 544, 2008 WL 4174062 (B.A.P. 10th Cir. 2008).  Like <u>Mazzeo</u>, <u>Appleberry</u> involved a bankruptcy court's decision to deny relief from the automatic stay. Thus, <u>Appleberry</u> is no more supportive of Moushigian's position than <u>Mazzeo</u> is.  <u>Appleberry</u>, however, relied on two bankruptcy cases involving decisions on matters other than relief from the automatic stay, but neither case involved any of the disputed issues in this case.  <u>See</u> <u>Velde</u> v. <u>First Int'l Bank & Trust</u> (<u>In re Y-Knot Constr., Inc.</u>), 369 B.R. 405 (B.A.P. 8th Cir. 2007) (remanding order approving compromise of claims); <u>Kopp</u> v. <u>All Am. Life Ins. Co.</u> (<u>In re Kopexa Realty Venture Co.</u>), 213 B.R. 1020 (B.A.P. 10th Cir. 1997) (same).

> [C]reditor, Paul Moushigian, requests that this Court issue an order pursuant to 11 USC § 105(a) affirming the previously granted relief from stay and permitting Moushigian to pursue the state court claims authorized by Order dated August 21, 2012 for the purpose of establishing grounds for this Court's consideration of the dischargeability of the subject debt or, in the alternative, that the deadline for Moushigian's filing of a complaint for denial of discharge in this Court be extended until a date 10 days after the allowance of this motion . . . .

The bankruptcy court denied Moushigian's motion with these words: "Denied.  See Fed. R. Bankr. P. 4004(b), 9006(b)(3)."[6]  Moushigian now argues that the bankruptcy court erred by failing to exercise its equitable powers, under 11 U.S.C. § 105(a), to provide him relief from the confusion he experienced as a result of the purportedly ambiguous phrasing of the four-word order.  We do not agree.

With regard to the equity powers of the bankruptcy court, the Bankruptcy Code provides, in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C.

---

[6] Rule 9006(b)(3) provides that the enlargement of time to object to a discharge is governed by Rule 4004(b).  Rule 4004(b) provides that a motion to enlarge the time for objecting to a discharge must be filed before the deadline for objecting has expired, unless the motion is based upon facts sufficient to support revocation of the discharge that the creditor did not know before the deadline for objecting. Id.  In addition, Rule 4007(c) provides that a motion to enlarge the time for filing a complaint to obtain a determination regarding the dischargeability of a debt must be filed before the deadline for filing a complaint has expired.

§ 105(a).  We, in turn, have elaborated upon the purpose and scope

§ 105(a):

> Although not "'a roving commission to do equity,'" see Bessette [v. Avco Fin. Servs., Inc.], 230 F.3d [439,] 444 [(1st Cir. 2000)] (quoting Noonan [v. Sec'y of Health & Human Servs. (In re Ludlow Hosp. Soc'y, Inc.)], 124 F.3d [22,] 27 [(1st Cir. 1997)]), we have recognized that a court "is well within its authority under § 105(a) . . . to enforce a specific code provision, . . ." see id. at 444 (citation omitted). . . .  Finally, although § 105(a) "does not itself create a private right of action . . . a court may invoke § 105(a) 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code.'"  Id. at 444–45 (quoting Noonan, 124 F.3d at 28).

Ameriquest Mortg. Co. v. Nosek (In re Nosek), 544 F.3d 34, 43-44

(1st Cir. 2008) (footnote omitted).  That said,

> § 105(a) may not be invoked where the result of its application would be inconsistent with any other Code provision or it would alter other substantive rights set forth in the Code.  See Bessette, 230 F.3d at 445; In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002); see also In re Padilla, 389 B.R. 409, 430 (Bankr. E.D. Pa. 2008) ("The essence of the boundary of § 105(a) equity power is that the provision cannot provide the basis for requested relief that would either (1) create a new substantive right or (2) conflict with another provision of the Bankruptcy Code.").

Id. at 44.

   We need not decide whether the bankruptcy court had the

power under § 105(a) to grant Moushigian's request.  It suffices to

say that we see no abuse of discretion in the bankruptcy court's

refusal to relieve Moushigian of the consequences of his own mistake. Cf. Patriot Portfolio, LLC v. Weinstein (In re Weinstein), 164 F.3d 677, 686 (1st Cir. 1999) (noting that we "review the bankruptcy court's discretionary decision to reopen the case and reconsider its prior decision for an abuse of discretion").

The relief Moushigian sought in his motion for reconsideration amounts to relief from his counsel's erroneous belief that the bankruptcy court's four-word order satisfied the deadlines established in the order on his motion to expedite. To correct that error, the bankruptcy court would have had to exercise exactly the sort of "roving commission to do equity" that we rejected in Nosek, 544 F.3d at 43. Moreover, if we were to endorse the application of § 105(a) to the circumstances of this case, turning that statute into an automatic safety valve for errors by counsel, we would render the deadlines in the Bankruptcy Rules unduly unpredictable. This, in turn, would seriously undermine the finality of discharges and other bankruptcy court actions. That, obviously, is not what § 105(a) is for. The bankruptcy court committed no error of law by denying Moushigian's motion for reconsideration.

Finally, in an argument that is entirely undeveloped, Moushigian contends that the exceptions to discharge set out in 11 U.S.C. §§ 523(a)(2) and (4) are so historically and socially

important that they express a "bankruptcy policy" that supports the restoration of his ability to prosecute a § 523(a) complaint. But, Moushigian cannot explain how the importance of those statutory exceptions to discharge is sufficient to overcome the bankruptcy policies favoring the orderly and timely disposition of § 523(a) claims. Those policies are expressed in: (1) the 60-day deadline for filing complaints contesting discharge under §§ 523(a)(2) and (4), see Fed. R. Bankr. P. 4007(c); (2) the requirement that a motion to extend the deadline for filing such a complaint shall be filed before the deadline expires, see id.; (3) our own holding that a creditor who fails to "commence a timely adversary proceeding to determine dischargeability" under §§ 523(c)(2) or (4) waives the nondischargeability issue, see Whitehouse v. LaRoche, 277 F.3d 569, 576 (1st Cir. 2002); and (4) the bankruptcy court's order requiring Moushigian to move the court for an extension of the September 27 deadline for filing a § 523(a) complaint. In short, Moushigian's policy argument is unpersuasive.

## III. Conclusion

The orders of the district court are **affirmed**.